KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
VICTOR T. CHIU - # 305404
vchiu@keker.com
JASON S. GEORGE - # 307707
jgeorge@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
XAPO, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DENNIS NOWAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XAPO, INC., a Delaware corporation; XAPO (GIBRALTAR) LIMITED, a foreign corporation; INDODAX, a foreign company; and JOHN DOE NOS. 1-10, individuals,<br><br>Defendants. | Case No. 5:20-cv-03643-BLF<br><br>**DEFENDANT XAPO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT XAPO, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:        November 12, 2020<br>Time:        9:00 a.m.<br>Dept.:        Courtroom 3<br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed: June 1, 2020<br><br>Trial Date: None set |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS .................................................................... vi

STATEMENT OF ISSUES TO BE DECIDED .............................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.      INTRODUCTION .............................................................................................................1

II.     BACKGROUND ................................................................................................................2

III.    LEGAL STANDARD........................................................................................................3

IV.    ARGUMENT .....................................................................................................................4

        A.     Plaintiff's sole federal count, Count II for violation of the CFAA, fails to state a claim.................................................................................................................4

               1.     The CFAA claim fails because Xapo, Inc. is not alleged to have hacked anything. .................................................................................4

               2.     Plaintiff fails to allege a "loss" under the CFAA........................................6

               3.     Plaintiff's reliance on an aiding-and-abetting theory further dooms the CFAA claim. .....................................................................................8

        B.     The Court should decline to exercise jurisdiction over the remaining state law claims. ....................................................................................................9

        C.     Plaintiff's California Penal Code § 496 claim fails as a matter of law.................10

        D.     Plaintiff's CDAFA claim fails as a matter of law...................................................11

                1.     Plaintiff fails to allege the requisite conduct by Xapo, Inc.......................11

                2.     Plaintiff fails to allege the requisite intent for a CDAFA violation..........11

                3.     Plaintiff fails to allege the required "damage or loss" under the CDAFA. .................................................................................................12

        E.     Plaintiff's claims under California Penal Code statutes must also be dismissed because they have no extraterritorial reach. ..........................................13

        F.     All counts in the Complaint fail because they obfuscate what roles each defendant purportedly played. ............................................................................14

        G.     The Court should dismiss with prejudice..............................................................15

V.     CONCLUSION...............................................................................................................16

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................4

*Broidy Capital Mgmt. LLC v. Muzin*,
   No. 19-cv-0150-DLF, 2020 WL 1536350 (D.D.C. Mar. 31, 2020), .....................................11

*Cassetica Software, Inc. v. Computer Sciences Corp.*,
   No. 09-cv-00003, 2009 WL 1703015 (N.D. Ill. June 18, 2009)...........................................7

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
   511 U.S. 164 (1994).....................................................................................................8, 13

*Chuman v. Wright*,
   76 F.3d 292 (9th Cir. 1996) ................................................................................................15

*Churchill Vill., L.L.C. v. Gen. Elec. Co.*,
   169 F. Supp. 2d 1119 (N.D. Cal. 2000) ...............................................................................14

*Claridge v. RockYou, Inc.*,
   785 F. Supp. 2d 855 (N.D. Cal. 2011) .................................................................................11

*Clinton Plumbing & Heating of Trenton, Inc. v. Ciaccio*,
   No. 09-cv-2751, 2010 WL 4224473 (E.D. Pa. Oct. 22, 2010) .........................................7, 8

*COR Securities Holdings Inc v. Banc of California, N.A.*,
   No. 17-cv-1403-DOC, 2018 WL 4860032 (C.D. Cal. Feb. 12, 2018) ...................................8

*Craig v. Atl. Richfield Co.*,
   19 F.3d 472 (9th Cir. 1994) .................................................................................................9

*Daniels Sharpsmart, Inc. v. Smith*,
   889 F.3d 608 (9th Cir. 2018) ........................................................................................13, 14

*DCR Mktg., Inc. v. Pereira*,
   No. 19-cv-3249-JPO, 2020 WL 91495 (S.D.N.Y. Jan. 8, 2020) .............................................6

*Delacruz v. State Bar of Cal.*,
   No. 16-cv-06858-BLF, 2018 WL 3077750 (N.D. Cal. Mar. 12, 2018)....................................6

*Eclectic Prop. E., LLC v. Marcus & Millichip Co.*,
   751 F.3d 990 (9th Cir. 2014) ...............................................................................................4

ii

*Facebook, Inc. v. Power Ventures, Inc.*,
    No. 08-cv-05780-JW, 2010 WL 3291750 (N.D. Cal. July 20, 2010)......................................12

*Faysound Ltd. v. United Coconut Chemicals, Inc.*,
    878 F.2d 290 (9th Cir. 1989) ...............................................................................................9

*Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*,
    No. 09-cv-00422-PMP, 2011 WL 2847712 (D. Nev. July 15, 2011)...............................5, 8, 9

*Freeman v. DirecTV, Inc.*,
    457 F.3d 1001 (9th Cir. 2006) .............................................................................................8

*Freeney v. Bank of America*,
    No. 15-cv-2376-JGB, 2016 WL 5897773 (C.D. Cal. Aug. 4, 2016)......................................10

*Frost v. LG Elecs. Inc.*,
    No. 16-cv-05206-BLF, 2017 WL 1425919 (N.D. Cal. Apr. 21, 2017) ..................................15

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .............................................................................................4

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .............................................................................................4

*Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*,
    No. 14-cv-02737-BLF, 2015 WL 1289984 (N.D. Cal. March 20, 2015) ...............................5

*Loc. Ventures & Invs., LLC v. Open Found.*,
    No. 18-cv-05581-EDL, 2019 WL 7877936 (N.D. Cal. May 13, 2019)..................................13

*LVRC Holdings LLC v. Brekka*,
    581 F.3d 1127 (9th Cir. 2009) ..........................................................................................4, 6

*Mifflinburg Tel., Inc. v. Criswell*,
    No. 14-cv-0612, 2017 WL 3917736 (M.D. Pa. Sept. 7, 2017)............................................8, 9

*Mintel Int'l Grp., Ltd. v. Neergheen*,
    No. 08-cv-3939, 2010 WL 145786 (N.D. Ill. Jan. 12, 2010)................................................6

*Multiven, Inc. v. Cisco Sys., Inc.*,
    725 F. Supp. 2d 887 (N.D. Cal. 2010) .................................................................................12

*Nat'l Collegiate Athletic Ass'n v. Miller*,
    10 F.3d 633 (9th Cir. 1993) ...............................................................................................13

*In re Nexus 6P Prods. Liab. Litig.*,
    293 F. Supp. 3d 888 (N.D. Cal. 2018) .............................................................................14, 15

*NovelPoster v. Javitch Canfield Grp.*,
    140 F. Supp. 3d 954 (N.D. Cal. 2014) ..............................................................................6, 7

iii

*Oracle Am., Inc. v. Serv. Key, LLC*,
    No. 12-cv-00790-SBA, 2012 WL 6019580 (N.D. Cal. Dec. 3, 2012) ......................................4

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)..............................................................................................................14

*Pimentel v. Aloise*,
    No. 18-cv-00411-EMC, 2018 WL 6025613 (N.D. Cal. Nov. 16, 2018) ...............................9

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ..............................................................................................15

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ................................................................................................9

*SKF USA, Inc. v. Bjerkness*,
    636 F. Supp. 2d 696 (N.D. Ill. 2009) ....................................................................................7

*Spy Dialer, Inc. v. Reya LLC*,
    No. 18-cv-1178-FMO, 2018 WL 3689554 (C.D. Cal. July 26, 2018)...............................5, 12

*Tidenberg v. Bidz.com, Inc.*,
    No. 08-cv-5553-PSG, 2009 WL 605249 (C.D. Cal. Mar. 4, 2009)......................................14

*United States v. Christensen*,
    828 F.3d 763 (9th Cir. 2015) .............................................................................................8, 9

*United States v. Flores*,
    901 F.3d 1150 (9th Cir. 2018) ............................................................................................10

*United States v. Nosal*,
    676 F.3d 854 (9th Cir. 2012) (en banc) ...........................................................................4, 5, 8

*United States v. Nosal*,
    844 F.3d 1024 (9th Cir. 2016) ...........................................................................................5, 8

*United States v. Nosal*,
    No. 08-cr-00237-EMC, Dkt. 309 (N.D. Cal. Feb. 28, 2013)................................................9

*United States v. Pellicano et al.*,
    No. 2:05-cr-01046-DSF, Dkt. 508 (C.D. Cal. Feb. 14, 2007) ..............................................9

**State Cases**

*People v. Tessman*,
    223 Cal. App. 4th 1293 (2014) ...........................................................................................10

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) ......................................................................................................13

**Federal Statutes**

18 U.S.C. § 2 .......................................................................................................8

18 U.S.C. § 1030 (Computer Fraud and Abuse Act) ........................................ *passim*

28 U.S.C. § 1332 .................................................................................................9

28 U.S.C. § 1367(c)(3) .........................................................................................9

**State Statutes**

California Penal Code § 502 *et seq.* ..................................................... *passim*

California Penal Code § 496 .................................................................. *passim*

**Rules**

Federal Rule of Civil Procedure 8 ........................................................................4

Federal Rule of Civil Procedure 9(b) ...................................................................4

Federal Rule of Civil Procedure 12(b)(6) .......................................................3, 7

XAPO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA ISO XAPO, INC.'S MOTION TO DISMISS
Case No. 5:20-cv-03643-BLF

1387736

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2
TO ALL PARTIES AND COUNSEL OF RECORD:

3
PLEASE TAKE NOTICE that on November 12, 2020, at 9:00 a.m., or as soon thereafter

4
as this matter can be heard, in the courtroom of District Judge Beth Labson Freeman, located at

5
280 South 1st Street, San Jose, CA 95113, Defendant Xapo, Inc. will move this Court for an order

6
dismissing the Complaint of Plaintiff Dennis Nowak, with prejudice, pursuant to Federal Rule of

7
Civil Procedure 12(b)(6).

8
This motion is based on this Notice of Motion and Motion, the following Memorandum of

9
Points and Authorities, all files and records in this action, oral argument, and such additional

10
matters as may be judicially noticed by the Court or may come before the Court prior to or at the

11
hearing on this matter.

12
Dated:  July 29, 2020                                           KEKER, VAN NEST & PETERS LLP

13

14
                                                  By:      s/Steven P. Ragland

15
                                                           STEVEN P. RAGLAND
                                                           ERIN E. MEYER

16
                                                           VICTOR T. CHIU
                                                           JASON S. GEORGE

17
                                                           Attorneys for Defendant

18
                                                           XAPO, INC.

19

20

21

22

23

24

25

26

27

28

XAPO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA ISO XAPO, INC.'S MOTION TO DISMISS
Case No. 5:20-cv-03643-BLF

1387736

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Complaint states a claim for aiding and abetting a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

2.      Whether this Court should exercise jurisdiction over Plaintiff's state law claims.

3.      Whether the Complaint states a claim for receiving stolen property in violation of California Penal Code § 496.

4.      Whether the Complaint states a claim for assisting unlawful access to a computer in violation of the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Dennis Nowak, a German resident of unknown citizenship, alleges that unidentified John Doe defendants hacked his computer and stole 500 Bitcoins.  However, rather than focusing on the hackers—or even the unnamed cryptocurrency exchange they allegedly stole from—he seeks instead to hold cryptocurrency service providers that had no role in the purported theft, such as Defendant Xapo, Inc., liable for the hackers' conduct.  Xapo, Inc. provides accounts called "wallets" to United States consumers for storing, using, and managing Bitcoins through an online platform, while other Xapo affiliate entities independently provide similar services to consumers residing abroad.  Xapo (Gibraltar) Limited, by contrast, is an electronic money institution that does not provide cryptocurrency wallet services.

Plaintiff's suit against Xapo, Inc. is based solely on the allegation that the unknown hackers deposited 20 of the stolen Bitcoins into an account that the hackers purportedly opened with a Xapo entity.  But Plaintiff does not allege that Xapo, Inc. assisted the hackers in any way or even knew anything about the theft.  Nor does Plaintiff specify whether the account was with Xapo, Inc. or with the other named Xapo defendant, Xapo (Gibraltar) Limited—which apparently has not been served and thus is not currently a party to this lawsuit.  He doesn't even allege that any of the conduct at issue occurred in California, which is where Xapo, Inc.—the sole domestic entity in this suit—operates.  Apparently unencumbered by the need for well-pleaded facts,

1

Plaintiff asserts that Xapo, Inc.: (1) aided and abetted unlawful access to Plaintiff's computer in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) received stolen property in violation of California Penal Code § 496; and (3) assisted unlawful access to a computer in violation of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502.[1]

This Court should reject Plaintiff's bid to hold Xapo, Inc. liable for the actions of international hackers simply because those hackers allegedly used a Xapo account to store some Bitcoins after their theft was complete. None of the causes of action pled here reach such conduct.

Plaintiff's CFAA claim is fatally flawed for several reasons. To start, the Complaint does not allege that Xapo, Inc. hacked any computer or assisted anyone with hacking a computer, nor does Plaintiff even allege that he suffered an actionable loss under the CFAA. Plaintiff's civil CFAA claim is further barred because he solely relies on a non-cognizable theory of aiding-and-abetting liability.

Upon dismissal of Plaintiff's CFAA claim, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, but those claims also fail on the merits. As with the CFAA claim, the § 496 and CDAFA claims must be dismissed because Plaintiff fails to allege that Xapo, Inc. participated in, or had knowledge of, the purported theft and/or hacking. And because § 496 and the CDAFA are California Penal Code provisions with no extraterritorial effect, Plaintiff's failure to allege any conduct within California is fatal to both claims.

For the foregoing reasons, the Court should grant Xapo, Inc.'s motion to dismiss. The Court's dismissal should be with prejudice because amendment would be futile.

## II.    BACKGROUND

Plaintiff is a resident of Germany, Compl. ¶ 1, who allegedly had an account at an

---

[1] In all citations included herein, internal citations and quotation marks have been removed, and emphases added, unless otherwise noted.

unidentified "Northern California-based cryptocurrency exchange" that is not a party to this action, *id.* ¶ 16.  He alleges that ten John Doe defendants "infiltrated" his account, withdrawing 500 Bitcoins.  *Id.* ¶ 20.  Plaintiff's counsel then hired "international investigative firm Kroll to trace" the stolen Bitcoins.  *Id.* ¶ 21.  The firm purportedly discovered that the John Doe defendants placed them in different "hot wallet" addresses.  *Id.* ¶ 25.  "A 'hot wallet' refers to a cryptocurrency wallet that is online and connected in some way to the Internet."  *Id.* at 6 n.4. Plaintiff does not allege that any of the hot wallets or the servers containing their information are in California, or even the United States.  *See id.*

Plaintiff alleges that the John Doe defendants deposited 20 of those stolen Bitcoins in "two hot wallet addresses controlled by XAPO."  *Id.* ¶ 24.  The remaining 480 Bitcoins were allegedly stored in hot wallets controlled by Defendant Indodax, an Indonesian company.  *Id.* ¶ 5, 25.  As defined in the Complaint, "XAPO" refers to two entities: Xapo, Inc. and Xapo (Gibraltar) Limited.  *Id.* ¶ 4.  According to Plaintiff, Xapo, Inc. is a Delaware corporation with its principal place of business in California that provides cryptocurrency wallets to consumers.  *Id.* ¶ 2.  Xapo (Gibraltar) Limited ("Xapo Gibraltar"), on the other hand, is a foreign corporation registered and incorporated in Gibraltar that purportedly acts as an "Electronic Money institution," and Plaintiff does not allege that Xapo Gibraltar provides cryptocurrency wallets.  *Id.* ¶ 3.  Plaintiff does not allege that either Xapo, Inc. or Xapo Gibraltar assisted the John Doe defendants in "infiltrat[ing]" his account.  *Id.* ¶ 20.  Nor does Plaintiff allege that Xapo, Inc. or Xapo Gibraltar committed any affirmative misconduct, whether in California or elsewhere.  Rather, the gist of Plaintiff's allegations is that "XAPO" had "[f]aulty [s]ecurity" protocols, *id.* at 7, and thus "kn[e]w or should have known" that the 20 deposited Bitcoins were stolen, *id.* ¶ 41.  Based only on the John Doe defendants' alleged use of "XAPO's" hot-wallet product to store 20 Bitcoins, Plaintiff asserts three claims: (1) aiding and abetting a CFAA violation, 18 U.S.C. § 1030(a)(4); (2) receiving stolen property, Cal. Penal Code § 496; and (3) violating the CDAFA by assisting unlawful access to a computer, Cal. Penal Code § 502 *et seq.*

### III.    LEGAL STANDARD

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)

3

unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  The factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation." *Eclectic Prop. E., LLC v. Marcus & Millichip Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

## IV.   ARGUMENT

### A.   Plaintiff's sole federal count, Count II for violation of the CFAA, fails to state a claim.

Plaintiff's CFAA claim, brought under 18 U.S.C. § 1030(a)(4), must be dismissed.  For that claim to survive, the Complaint must allege that Xapo, Inc.: (1) accessed a "protected computer," (2) without authorization or exceeding such authorization that was granted, (3) "knowingly" and with "intent to defraud," and thereby (4) "further[ed] the intended fraud and obtain[ed] anything of value," causing (5) a cognizable "loss." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131-32 (9th Cir. 2009); 18 U.S.C. § 1030(a)(4), (b), (g).  Section 1030(a)(4)'s status as a "fraud" provision requires Plaintiff to satisfy the particularized pleading requirements of Rule 9(b).  *Oracle Am., Inc. v. Serv. Key, LLC*, No. 12-cv-00790-SBA, 2012 WL 6019580, at *6 (N.D. Cal. Dec. 3, 2012); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) heightened pleading standard applies where plaintiff alleges "a unified course of fraudulent conduct" even where fraud is not a necessary element of a claim).  Even though Rule 9(b)'s heightened pleading standard should apply, Plaintiff's allegations are so deficient that they do not even meet the less exacting requirements of Rule 8.

### 1.   The CFAA claim fails because Xapo, Inc. is not alleged to have hacked anything.

The CFAA is an anti-hacking statute.  *United States v. Nosal* ("*Nosal I*"), 676 F.3d 854, 858 (9th Cir. 2012) (en banc).  In *Nosal I*, the Ninth Circuit specifically cautioned against extending the reach of the CFAA beyond computer hacking.  *Id.* at 859.  As this Court has recognized, "the plain language of the CFAA targets the unauthorized procurement or alteration

of information, not its misuse or misappropriation." *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 1289984, at *4 (N.D. Cal. March 20, 2015) (quoting *Nosal I*, 676 F.3d at 863).  Therefore, "CFAA violations require a person to engage in the hacking, not merely benefit from its results." *Id.*; *see also Nosal I*, 676 F.3d at 857 (same).

Here, Plaintiff nowhere alleges that Xapo, Inc. (or even "XAPO" writ large) engaged in any hacking.  Nor is it alleged that Xapo, Inc. (or "XAPO") conspired with, assisted, or in any other way enabled the John Doe defendants who allegedly broke into Plaintiff's computer and stole his Bitcoins.  At most, Plaintiff alleges that Xapo, Inc. (or "XAPO") served as a "safe haven[]" or "custodial vault[]" for the stolen Bitcoins **after** the John Doe defendants hacked his computer.  Compl. ¶ 59.  But as this Court has previously held, the CFAA provides no liability for someone who, after the fact, receives an alleged benefit from a CFAA-violating computer hack if that beneficiary "did not himself access the computer." *Koninklijke*, 2015 WL 1289984, at *4 n.2; *see also Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 09-cv-00422-PMP, 2011 WL 2847712, at *3 (D. Nev. July 15, 2011) (plaintiff's failure to allege that the defendants "substantially assisted, or even encouraged or induced, [the hacker] in the primary violation, the hacking itself," doomed his CFAA claim).

Additionally, § 1030(a)(4) of the CFAA prohibits conduct only if the defendant acted "knowingly and with the intent to defraud."  Here, there is no allegation that Xapo, Inc. (or "XAPO") had "know[ledge]" of the hackers' unauthorized access to Plaintiff's computer, let alone an "intent to defraud" the Plaintiff.  The failure to allege facts sufficient to establish the scienter element of a CFAA offense likewise requires dismissal of Count II.  *See United States v. Nosal* ("*Nosal II*"), 844 F.3d 1024, 1032-33 (9th Cir. 2016) (holding that the "mens rea element" of § 1030(a)(4) "targets knowing and specific conduct"); *Spy Dialer, Inc. v. Reya LLC*, No. 18-cv-1178-FMO, 2018 WL 3689554, at *1 (C.D. Cal. July 26, 2018) (rejecting CFAA claim for failing to allege "knowing access" or an "intent to defraud").

Because Plaintiff fails to allege that Xapo, Inc. engaged in hacking or that Xapo, Inc. committed a prohibited act knowingly and with the intent to defraud, the Complaint's CFAA claim, Count II, must be dismissed.

### 2. Plaintiff fails to allege a "loss" under the CFAA.

The CFAA claim also fails because it does not plead a cognizable "loss" under the statute. To bring a civil action under the CFAA, Plaintiff must allege that he has "suffer[ed] damage or loss" and satisfy one of the factors in "subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g). The only factor relevant here—"loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value"—requires a "loss" even if "damage" is also alleged. *Id.* § 1030(c)(4)(A)(i)(I); *see also LVRC Holdings*, 581 F.3d at 1131-32 ("loss' of $5,000 is an element of a § 1030(a) claim); *DCR Mktg., Inc. v. Pereira*, No. 19-cv-3249-JPO, 2020 WL 91495, at *3 (S.D.N.Y. Jan. 8, 2020) ("DCR has failed to plead a cognizable 'loss,' which dooms its claim under the CFAA").

As this Court has previously recognized, "'loss' includes only costs actually related to computers in light of the legislative history." *Delacruz v. State Bar of Cal.*, No. 16-cv-06858-BLF, 2018 WL 3077750, at *8 (N.D. Cal. Mar. 12, 2018), *aff'd*, 768 F. App'x 632 (9th Cir. 2019). Moreover, "costs are only cognizable [under the CFAA] where they arise from the investigation or repair of a damaged computer system or data, or from an 'interruption of service.'" *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 963 (N.D. Cal. 2014). As one court has explained, even fees paid to an expert to "assess [a defendant's] allegedly improper actions" are not cognizable CFAA losses where the expert "was not assessing whether the [defendant] had 'damaged' the [plaintiff's] computers or data." *Mintel Int'l Grp., Ltd. v. Neergheen*, No. 08-cv-3939, 2010 WL 145786, at *9-10 (N.D. Ill. Jan. 12, 2010) (cited with approval by *NovelPoster*, 140 F. Supp. 3d at 963). Rather, "[t]he alleged loss must relate to the investigation or repair of a computer or computer system following a violation that caused impairment or unavailability of data or interruption of service." *Id.*

Plaintiff does not specifically allege any loss in conjunction with his CFAA claim, although he does allege that the John Doe defendants "obtained Plaintiff's valuable cryptocurrency." Compl. ¶ 58. But the lost value of stolen property such as Plaintiff's cryptocurrency is not such a cost or cognizable loss under the CFAA. For example, in *DCR Marketing*, the defendant allegedly stole funds from the plaintiff's bank accounts. 2020 WL 91495, at *3. The court dismissed the plaintiff's CFAA claim because the loss of those funds was

6

1  not a "remedial cost" of investigating and remedying the damage, and thus it was "not [a]

2  cognizable 'loss[]' under the CFAA."  *Id.*  Similarly, in *Clinton Plumbing & Heating of Trenton,*

3  *Inc. v. Ciaccio*, the defendant allegedly transferred money from the plaintiffs' bank accounts

4  without authorization.  No. 09-cv-2751, 2010 WL 4224473, at *7 (E.D. Pa. Oct. 22, 2010).  The

5  *Clinton* court dismissed the CFAA claim because the plaintiffs' "loss of assets" and other

6  consequential injuries, such as overdraft fees, were not "loss[es] *related to computer impairment*

7  *or interruption of service*" and thus were not "the type of loss envisioned by the drafters of the

8  CFAA."  *Id.* (emphasis in original).  Indeed, as recognized in *NovelPoster*, numerous courts have

9  dismissed CFAA claims at the Rule 12(b)(6) stage where the cases "involve situations where the

10  plaintiff failed to allege that the defendant's conduct caused impairment of data or interruption of

11  service."  140 F. Supp. 3d at 964.  Those cases include *Cassetica Software, Inc. v. Computer*

12  *Sciences Corp.*, No. 09-cv-00003, 2009 WL 1703015, at *3-4 (N.D. Ill. June 18, 2009), where

13  "plaintiff did not allege any facts that would plausibly suggest the [defendant's conduct] caused

14  any impairment of data or interruption of service," *NovelPoster*, 140 F. Supp. 3d at 964 (citing

15  and explaining *Cassetica*); and *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 720-21 (N.D.

16  Ill. 2009), which "grant[ed] defendants' motion to dismiss CFAA claims where plaintiff's only

17  alleged loss was due to defendants' unauthorized transfer of data to plaintiff's business

18  competitor," *NovelPoster*, 140 F. Supp. 3d at 964 (citing and explaining *SKF*).

19       Here, there is no allegation of any "impairment of data or interruption of service," but

20  instead the loss of digital currency resulting from third parties who purportedly hacked into an

21  unnamed, non-party "cryptocurrency exchange."  Compl. ¶ 16; *see also id*. at pp. 13-14 (Prayer

22  for Relief).  The CFAA claim should therefore be dismissed because Plaintiff's allegations of

23  stolen property (his cryptocurrency) are insufficient to plead a "loss" under the CFAA.

24       Failure to plead cognizable loss is fatal to this claim, but Plaintiff's conclusory allegation

25  regarding damage is likewise insufficient under 18 U.S.C. § 1030(g).  *See* Compl. ¶ 61 ("As a

26  consequence of Defendants' actions and omissions, Plaintiff has suffered damages.").  The CFAA

27  defines "damage" as "any impairment to the integrity or availability of data, a program, a system,

28  or information."  18 U.S.C. § 1030(e)(8).  Plaintiff's sole allegation of injury, the theft of his 500

Bitcoins, involves no such impairment.  *See Clinton*, 2010 WL 4224473, at *6 (rejecting claim that stolen money was "damage" under the CFAA).  While the pilfered Bitcoins may no longer be within Plaintiff's possession, there is no alleged damage to his computer, system, or data, or any degradation of the integrity of any computer, system, or data.

On this basis, too, the CFAA claim should be dismissed.

### 3.    Plaintiff's reliance on an aiding-and-abetting theory further dooms the CFAA claim.

Plaintiff relies entirely on an aiding-and-abetting theory of liability for his CFAA claim against Xapo, Inc., but nothing in the CFAA's text provides for civil aiding-and-abetting liability.  As the Supreme Court of the United States has instructed, "if . . . Congress intended to impose aiding and abetting liability [into a statute] it would have used the words 'aid' and 'abet' in the statutory text."  *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177 (1994).  The Ninth Circuit has likewise held that an aiding-and-abetting theory is unavailable where a statute does not specifically provide for aiding-and-abetting liability.  *See Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1006 (9th Cir. 2006) (no aiding-and-abetting liability under the Electronic Communications Privacy Act).  Although neither the Supreme Court nor the Ninth Circuit has addressed this issue under the CFAA, multiple district courts have held that "the CFAA does not create a cause of action for aiding and abetting."  *Mifflinburg Tel., Inc. v. Criswell*, No. 14-cv-0612, 2017 WL 3917736, at *5 (M.D. Pa. Sept. 7, 2017) (quoting *Advanced Fluid Systems, Inc. v. Huber*, 28 F. Supp. 3d 306, 327 (M.D. Pa. 2014)); *Flynn*, 2011 WL 2847712, at *3 (same in D. Nev.).

While one case within the Ninth Circuit (although not in this district)—*COR Securities Holdings Inc v. Banc of California, N.A.*, No. 17-cv-1403-DOC, 2018 WL 4860032, at *7 (C.D. Cal. Feb. 12, 2018)—has approved of a civil CFAA aiding-and-abetting theory, that decision is unpersuasive because it primarily relies on the "implicit" recognition of aiding-and-abetting liability in *United States v. Christensen*, 828 F.3d 763, 787 (9th Cir. 2015), and *Nosal II*, 844 F.3d at 1040.  But both *Christensen* and *Nosal* arose in the **criminal** context, where the government charged the defendants under 18 U.S.C. § 2—a criminal statute that explicitly provides for aiding-

8

and-abetting liability.  *United States v. Pellicano et al.*, No. 2:05-cr-01046-DSF, Dkt. 508 at ¶¶ 42, 46, 50, 54, 58 (C.D. Cal. Feb. 14, 2007) (Fourth Superseding Indictment from *Christensen*); *United States v. Nosal*, No. 08-cr-00237-EMC, Dkt. 309 at ¶ 21 (N.D. Cal. Feb. 28, 2013).  No corresponding provision exists for a civil cause of action.  *Pimentel v. Aloise*, No. 18-cv-00411-EMC, 2018 WL 6025613, at *21 (N.D. Cal. Nov. 16, 2018) ("While Congress has enacted a general aiding and abetting statute applicable to all federal criminal offenses . . . , it has not done so for civil offenses.").

This Court should follow *Flynn*, *Mifflinburg*, and similar authorities, and dismiss Plaintiff's CFAA claim on this basis too because there is no civil cause of action for aiding and abetting a violation of the CFAA.

**B.     The Court should decline to exercise jurisdiction over the remaining state law claims.**

Once the Court determines that Plaintiff has failed to state a claim under the CFAA—the sole federal statute at issue—the Court should decline to exercise supplemental jurisdiction and dismiss the state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("in the usual case" where all federal claims are eliminated "before trial," the relevant factors point in favor of dismissal).

Plaintiff's alternative assertion of diversity jurisdiction under 28 U.S.C. § 1332, Compl. ¶ 8, is baseless: no diversity jurisdiction exists when a foreign plaintiff sues a foreign defendant (such as Xapo Gibraltar and Indodax), even if one of the defendants resides in the United States. *See Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994) (no diversity jurisdiction where there is "a single foreign plaintiff . . . and numerous foreign defendants (in addition to U.S. defendants)"); *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants."). And since Plaintiff fails to allege that Xapo, Inc., the sole domestic party in this lawsuit, had anything to do with the hack, it would be improper for the state law claims to proceed against Xapo, Inc. alone.

Even if the Court were inclined to exercise supplemental jurisdiction over Plaintiff's state

9

law claims, those claims fail for several independent reasons, as discussed below.

### C.   Plaintiff's California Penal Code § 496 claim fails as a matter of law.

Plaintiff's California Penal Code § 496 receipt-of-stolen-property claim requires **actual knowledge**, rather than mere constructive knowledge, that the property was stolen. *People v. Tessman*, 223 Cal. App. 4th 1293, 1302 (2014). As the Ninth Circuit has emphasized, "[t]he mens rea element requires actual knowledge of or belief that the property is stolen." *United States v. Flores*, 901 F.3d 1150, 1161 (9th Cir. 2018).

At most, Plaintiff here asserts—without any actual facts or well-pled allegations—that Xapo, Inc. did not adopt adequate anti-money laundering and Know Your Customer protocols or "did not adhere" to them. Compl. ¶¶ 40, 66. Even if these allegations were true (they are not), they provide no basis to conclude that Xapo, Inc. had **actual knowledge** that the cryptocurrency was stolen. For instance, in *Freeney v. Bank of America*, the court held that the plaintiff failed to plead that a bank had "actual knowledge" that money was stolen, even though the bank allegedly "overrode security holds" at the defendant's request, failed to "notice or address certain red flags," and "never questioned" why the account involved "hundreds of . . . wire transfers" involving "millions of dollars flowing through the account." No. 15-cv-2376-JGB, 2016 WL 5897773, at *11-12 (C.D. Cal. Aug. 4, 2016). Likewise, Plaintiff's thin allegations about the adequacy of Xapo, Inc.'s security protocols do not plead that Xapo, Inc. actually knew that it received any stolen Bitcoins.

Therefore, Plaintiff's conclusory statement that Xapo, Inc. "knew or should have known the property" was stolen, Compl. ¶¶ 41, 51, is insufficient to state a claim.

Plaintiff's failure to allege any independent facts against Xapo, Inc. with respect to Count I also requires dismissal. As noted in Section IV.F., *infra*, Plaintiff improperly conflates the Xapo entities. He does not allege that the unknown hackers maintained an account at Xapo, Inc. or that Xapo, Inc. actually received any of the stolen Bitcoins. Thus, for this additional reason, Plaintiff's § 496 claim fails.

**D.      Plaintiff's CDAFA claim fails as a matter of law.**

**1.      Plaintiff fails to allege the requisite conduct by Xapo, Inc.**

The CDAFA prohibits a person from "knowingly access[ing]" a computer system without permission, and extends to parties other than the hacker where they "[k]nowingly and without permission provide[] or assist[] in providing *a means of accessing a computer*." Cal. Penal Code § 502(c)(6).  Here, Plaintiff alleges no facts that meet these elements.  As discussed above, there is no allegation that Xapo, Inc. was involved in any way with the hacking itself—whether directly or indirectly.  At most, the Complaint alleges that "XAPO . . . provided safe harbor and secure vaulting of the funds stolen from Plaintiff" some time *after* the John Doe defendants accessed Plaintiff's computer and absconded with his Bitcoins.  *See* Compl. ¶ 65.  But the CDAFA does not apply to those "who took no active role in tampering with, or in gaining unauthorized access to computer systems." *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 863 (N.D. Cal. 2011).  In *Claridge*, for example, the plaintiff asserted a CDAFA claim against an app publisher for not implementing "commercially reasonable security methods to protect" users' information on its system. *Id.*  The *Claridge* court dismissed with prejudice, explaining that the plaintiff's attempt "to impose liability on defendant for *third party* hackers' unauthorized access of and tampering with defendant's system" could not state a CDAFA claim. *Id.*; *see also Broidy Capital Mgmt. LLC v. Muzin*, No. 19-cv-0150-DLF, 2020 WL 1536350, at *17 (D.D.C. Mar. 31, 2020) (dismissing CDAFA claim because plaintiff failed to allege that defendant provided any "method of accessing a computer system"), *appeal docketed*, No. 20-7040 (D.C. Cir. April 30, 2020).

Without any allegations that Xapo, Inc. assisted the John Does with the hacking or provided a means to carry it out, Plaintiff's CDAFA claim cannot stand.

Plaintiff's failure to allege any independent facts against Xapo, Inc. with respect to Count III also requires dismissal.  As noted above and in Section IV.F., *infra*, Plaintiff does not allege that the unknown hackers maintained an account at Xapo, Inc. or that Xapo, Inc. received any of the stolen Bitcoins.  Thus, for this additional reason, Plaintiff's CDAFA claim fails.

**2.      Plaintiff fails to allege the requisite intent for a CDAFA violation.**

Plaintiff's failure to plead any conduct that could possibly give rise to a CDAFA violation

11

is unsurprisingly paired with a failure to plead the requisite mental state.  A violation of the CDAFA requires, at the very least, that the defendant "**knowingly**" assisted the hackers.  Cal. Penal Code § 502(c)(6) (requiring proof that the defendant "knowingly" provided or assisted in providing the means to access a computer).  Some provisions of the statute require a specific intent to "defraud" or steal.  *Id.* § 502(c)(1).  As discussed above, Plaintiff does not allege facts suggesting that Xapo, Inc. ever knew of the unauthorized access or even that the cryptocurrency was stolen, let alone formed an intent to defraud or steal.  *See Spy Dialer*, 2018 WL 3689554 at *1 (rejecting CDAFA claim for failing to allege "**knowing** access").  As such, the CDAFA count must be dismissed for this reason as well.

### 3.    Plaintiff fails to allege the required "damage or loss" under the CDAFA.

Like the CFAA, the CDAFA requires the plaintiff to allege "damage or loss" to bring "a civil action against the violator."  Cal. Penal Code § 502(e)(1).  As discussed in Section IV.A.2, *supra*, CFAA "damage" means the impairment of a computer system or data, while "loss" involves the costs related to fixing a computer system.  18 U.S.C. § 1030(e)(8), (e)(11).  These terms have the same meaning under the CDAFA because its provisions "do not differ materially from the CFAA, and the two statutes are interpreted coextensively.  *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 890, 895 (N.D. Cal. 2010); *see also Facebook, Inc. v. Power Ventures, Inc.*, No. 08-cv-05780-JW, 2010 WL 3291750, at *9 (N.D. Cal. July 20, 2010) (interpreting the CDAFA based on the CFAA).  Indeed, the CDAFA defines "injury," and consistently uses the term "damage," to refer to impairment of a computer system or data.  Cal. Penal Code § 502(b)(10).  The neighboring term "loss," too, should be read in alignment with the statute's purpose, which aims to redress the impairment of computer systems and the costs of their repair. *See id.* § 502(a) (stating statutory purpose of "protect[ing] [] the integrity of all types and forms of lawfully created computers"), (e)(1) (explicitly discussing costs related to verification of impairment, or no impairment, to computer systems as part of damages award).  Here, Plaintiff alleges no CDAFA "damage" or "loss" because he only seeks the recovery of his allegedly stolen Bitcoins, not damage to any computer system or the costs of any repairs.  *See* Compl. ¶ 64; *id.* at

pp. 13-14 (Prayer for Relief).

For this reason, too, Count III must be dismissed.

### E.   Plaintiff's claims under California Penal Code statutes must also be dismissed because they have no extraterritorial reach.

In addition to the above-described defects, the Court should dismiss both of Plaintiff's state law claims because they cannot reach the extraterritorial conduct alleged in this case. Plaintiff claims that hackers of unknown origin accessed Plaintiff's computer—presumably located in Germany—and transferred the cryptocurrency to a "hot wallet" stored on servers in unknown locations.  Compl. ¶¶ 1, 20, 23-25.  Although Plaintiff had an account at a "Northern California-based cryptocurrency exchange," *id.* ¶ 16, he fails to allege that the stolen cryptocurrency was ever stored in California, before or after the theft.  None of the alleged facts establish that any criminal conduct occurred in, or was directed at, California.  As a matter of statutory and constitutional law, Plaintiff's § 496 and CDAFA claims must be dismissed.

*First*, California courts must "presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter, or history."  *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011).  Here, neither California Penal Code provision mentions any application of its provisions to conduct occurring entirely outside of California.  In fact, the CDAFA explicitly states that its purpose is the protection of individuals, businesses, and government agencies "*within this state*."  Cal. Penal Code § 502(a).  Therefore, these statutes do not overcome the presumption against extraterritorial application.  *See Loc. Ventures & Invs., LLC v. Open Found.*, No. 18-cv-05581-EDL, 2019 WL 7877936, at *8, *10 (N.D. Cal. May 13, 2019) (dismissing claims under the CDAFA and § 496 for failing to allege conduct in California).

*Second*, the dormant Commerce Clause forbids the extraterritorial application of California statutes.  Under the dormant Commerce Clause, state law may not "directly regulate interstate commerce," including transactions "wholly outside [of the state's] borders." *Nat'l Collegiate Athletic Ass'n v. Miller*, 10 F.3d 633, 638-39 (9th Cir. 1993); *Daniels Sharpsmart, Inc.*

13

XAPO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MPA ISO XAPO, INC.'S MOTION TO DISMISS
Case No. 5:20-cv-03643-BLF
1387736

*v. Smith*, 889 F.3d 608, 614 (9th Cir. 2018).  The mere presence of one California resident or "some nexus" to California is insufficient where a "wholly out-of-state transaction[]" is at issue. *Daniels Sharpsmart*, 889 F.3d at 615.  The dormant Commerce Clause thus precludes California law from regulating the wholly out-of-state conduct in this case.

**Third**, "a California court's adjudication of non-residents' claims that lack a nexus with California raises significant due process problems."  *Churchill Vill., L.L.C. v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119, 1127 (N.D. Cal. 2000) (citing *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 225 (1999)).  To avoid a due process violation, California "must have a significant contact or significant aggregation of contacts" to the **claims** (not just one of the parties).  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985); *Tidenberg v. Bidz.com, Inc.*, No. 08-cv-5553-PSG, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009).  Plaintiff fails to allege that the claims here, which solely allege out-of-state conduct, have any such contacts with California.

In sum, on both statutory and constitutional grounds, the Court must dismiss Plaintiff's state law claims, which cannot reach the alleged extraterritorial conduct.

### F.    All counts in the Complaint fail because they obfuscate what roles each defendant purportedly played.

Plaintiff claims that unknown individuals hacked his computer and transferred a small portion of his Bitcoins to a "hot wallet" obtained by opening an account online with "XAPO." Compl. ¶¶ 20, 24-25.  But Plaintiff fails to allege that the cryptocurrency wallet is located on servers in the United States, or that Xapo, Inc.—the sole named defendant incorporated in the United States—maintained that cryptocurrency wallet.  *Id.* at 6 n.4.  Indeed, Plaintiff doesn't even allege that these unknown individuals maintained an account with Xapo, Inc.

Rather than clearly define who did what, and where, Plaintiff's Complaint muddles the parties' identities by combining allegations against domestic and international Xapo defendants. Plaintiff defines the term "XAPO" to include Xapo, Inc. and Xapo Gibraltar, a Gibraltarian corporation, Compl. ¶ 4, and alleges throughout the Complaint that "XAPO" committed the alleged conduct.  That is insufficient.  A plaintiff must "identify what action each Defendant took that caused Plaintiffs' harm."  *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 907-08

(N.D. Cal. 2018); *Frost v. LG Elecs. Inc.*, No. 16-cv-05206-BLF, 2017 WL 1425919, at *1 (N.D. Cal. Apr. 21, 2017) (same).  Where, as here, a plaintiff "lump[s]" defendants together and thus "obfuscates what roles [each defendant] independently played in the alleged harm," the complaint should be dismissed.  *In re Nexus*, 293 F. Supp. 3d at 907-08; *see also Frost*, 2017 WL 1425919 at *1; *cf. Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996) (holding that a jury instruction is improper where it "lump[s] all the defendants together").

Plaintiff's ambiguity on whether Xapo, Inc. or another Xapo entity took the alleged actions thus requires dismissal of Counts I, II, and III.

### G.    The Court should dismiss with prejudice.

This Court should dismiss all claims against Xapo, Inc. with prejudice because "any proposed amendment would be futile."  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  Futility exists where allegations of "other facts consistent with the challenged pleading" will not cure the deficiency in the Complaint.  *Id.*

No amendment will cure Plaintiff's pleading because his claims are foreclosed as a matter of law.  Plaintiff's CFAA claim relies on a non-cognizable theory of aiding and abetting.  *See* Section IV.A.3., *supra*.  And while the CFAA and CDAFA claims both require an allegation that Xapo, Inc. played an active role in assisting the hacking, *see* Sections IV.A.2., IV.D.1.*, supra*, any such allegation would conflict with Plaintiff's current theory that the alleged hackers merely deposited cryptocurrency in a Xapo account.  Similarly, Plaintiff's theory of loss is based on the value of his allegedly stolen cryptocurrency, not any alleged damage to his computer that required a remedy.  *See* Section IV.A.2., *supra*.  Plaintiff cannot now assert a new theory of damages without contradicting his current Complaint.

Plaintiff will also be unable to allege facts that Xapo, Inc. knew that any Bitcoins it purportedly received were stolen.  Despite hiring an "international investigative firm" before bringing his claims more than a year after the alleged theft, Compl. ¶ 21, Plaintiff has been unable to allege any facts that even suggest actual knowledge as required under the law.  *See* Section IV.C., *supra*.  And, finally, Plaintiff cannot, as a matter of law, apply his state law claims to the alleged conduct, which occurred outside of California.  *See* Section IV.E., *supra*.

15

1

## V.     CONCLUSION

2          For all the foregoing reasons, this Court should dismiss Plaintiff's entire Complaint and

3    all three of its causes of action, with prejudice.

4

5    Dated:  July 29, 2020                           KEKER, VAN NEST & PETERS LLP

6

7                                        By:    s/Steven P. Ragland

8                                               STEVEN P. RAGLAND
                                                ERIN E. MEYER
9                                               VICTOR T. CHIU
                                                JASON S. GEORGE
10
                                                Attorneys for Defendant
11                                              XAPO, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1387736