Brandon S. Reif, Esq. (State Bar No. 214706)
E-Mail: Docket@ReifLawGroup.com
**REIF LAW GROUP, P.C.**
1925 Century Park East - Suite 1700
Los Angeles, California 90067
Telephone: (310) 494-6500

*Counsel for Plaintiff Dennis Nowak*

[*Additional Counsel listed on signature block*]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| DENNIS NOWAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XAPO, INC., a Delaware corporation;<br>XAPO (GIBRALTAR) LIMITED, a foreign corporation;<br>INDODAX, a foreign company; and<br>JOHN DOE NOS. 1-10, individuals,<br><br>Defendants. | Case No. 5:20-cv-03643-BLF<br><br>**DECLARATION OF DAVID C. SILVER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANTS XAPO (GIBRALTAR) LIMITED AND INDODAX**<br><br>Date:   December 11, 2020<br>Time:   9:00 a.m.<br>Dept.:   Courtroom 3<br>Judge:   Hon. Beth Labson Freeman<br><br>Date Filed:   August 11, 2020<br>Trial Date:   None set |

1    I, David C. Silver, declare as follows:

2    1.    I am a founding partner at the law firm of Silver Miller, co-counsel for Plaintiff Dennis

3    Nowak in the above captioned action.  This declaration is based on my own personal knowledge and/or the

4    firm's records of the matters stated herein and, if called upon, I could and would competently testify thereto.

5    2.    I submit this declaration in support of Plaintiff's Motion for Leave to Effect Alternative

6    Service on Defendants XAPO (GIBRALTAR) LIMITED and INDODAX.

7    3.    In early-June 2020, shortly after this lawsuit was commenced, I prepared a Waiver of

8    Service of Summons for XAPO (GIBRALTAR)'s execution -- intending to send XAPO

9    (GIBRALTAR) a request that it agree to waive formal service in this action.  However, I discovered

10   that the registered address at which XAPO (GIBRALTAR) purports to have its office and conduct its

11   business (6 Bayside Road, Unit 1.02, 1st Floor, World Trade Center, Gibraltar) is nothing more than a

12   Regus office[1] at which XAPO (GIBRALTAR) does not actually operate its business or have any

13   authorized agents available to accept service of process.

14   4.    On or about June 10, 2020, I then conferred with counsel for XAPO -- who had already

15   alerted me to his law firm's forthcoming appearance in this case as defense counsel -- and asked that

16   XAPO or its counsel accept service of process on behalf of XAPO (GIBRALTAR) and confirm that

17   the address in Gibraltar is merely a Regus address at which formal service of process would be

18   ineffective.  Counsel informed me that he was not authorized to accept service for XAPO

19   (GIBRALTAR), and he neither confirmed nor denied the information pertaining to the office address

20   in Gibraltar.

21   5.    In June 2020, my law firm retained Process Service Network, LLC, to prepare and serve

22   a Form USM-94 for service under the Hague Convention of 15 November 1965 on the Service Abroad

23   of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") to

24   effectuate service upon XAPO (GIBRALTAR).  Acting under the Hague Convention, Process Service

---

[1] A Regus office is a "virtual office [that] gives remote business owners and employees a fixed workspace from which to field their operations, wherever they might be in the world. * * * Virtual offices are bricks-and-mortar operations, not cloud-based.  Although remote workers aren't physically based in their virtual office, they can use the address for their own business listings and communication."  *See*, https://www.regus.com/work-us/virtual-office-regus-helps/.

1

DECLARATION OF DAVID C. SILVER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO EFFECT ALTERNATIVE SERVICE ON DEFENDANTs XAPO (GIBRALTAR) LIMITED
AND INDODAX

1    Network thereupon commenced its efforts to effectuate formal service of process upon XAPO

2    (GIBRALTAR) by delivering the Summons and Complaint to the Registrar of the Supreme Court, 277

3    Main Street, Gibraltar.  Those efforts are still ongoing and are expected to last several more weeks if

4    not months.

5            6.      Attached hereto as **Exhibit "A"** is a true and correct copy of a July 27, 2020 letter I sent

6    to XAPO's counsel letter requesting that XAPO provide its sibling entity XAPO (GIBRALTAR) the

7    Waiver of Service of Summons I had prepared XAPO (GIBRALTAR)'s execution.

8            7.      Attached hereto as **Exhibit "B"** is a true and correct copy of an affidavit executed by

9    Syed Jaafar, a representative of Process Service Network LLC, which was also retained to serve process

10   upon INDODAX at its registered business address in Bali, Indonesia (Jalan Sunset Road No. 48 a-b,

11   Seminyak Badung, Bali, Indonesia).

12           8.      Attached hereto as **Exhibit "C"** is a true and correct copy of a printout from Xapo's

13   website on a page labeled "How do I file a complaint?"

14           I declare under penalty of perjury of the laws of the United States of America that the foregoing

15   is true and correct.

16           Executed on August 11, 2020 in Coral Springs, Florida.

17                                                                                   _/s/ David C. Silver_

18                                                                                   David C. Silver

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID C. SILVER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO EFFECT ALTERNATIVE SERVICE ON DEFENDANTs XAPO (GIBRALTAR) LIMITED
AND INDODAX

# EXHIBIT A



**SILVERMILLERLAW.COM**

**11780 West Sample Road**
**Coral Springs, Florida 33065**
**Florida: (954) 516-6000**
**Maryland: (240) 516-6000**
**Washington, D.C.: (202) 852-6000**

July 27, 2020

**VIA ELECTRONIC MAIL ONLY**
Steven P. Ragland, Esq.
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
E-mail: sragland@keker.com

      Re:     Nowak v. Xapo and Indodax
              U.S. Dist. Ct. - N.D. Calif. - Case No.: 5:20-cv-03643

Dear Steven:

As you are aware, we are counsel for Dennis Nowak ("Mr. Nowak"), the plaintiff in the above-referenced matter in which you have made an appearance as counsel for defendant Xapo, Inc. Though you have previously expressed to us that your law firm has not been authorized by defendant Xapo (Gibraltar) Limited to accept service of process on its behalf, the inter-relatedness of the two legal entities and their executive decisionmakers is undeniable. Based on your client's refusal to accept service on behalf of its related entity, we have retained an international process server to formally serve Xapo (Gibraltar) Limited. As I have previously advised you, this is an exercise in futility; as upon information and belief -- a fact that, when advised, you did not correct me -- Xapo merely operates a virtual office in Gibraltar, with actual managerial operations in the United States.

Therefore, pursuant to Rule 4 of the Federal Rules of Civil Procedure, please accept this correspondence as our formal request that you forward to your client and Xapo (Gibraltar) Limited the enclosed Waiver of Service of Summons, which has been prepared for Xapo (Gibraltar) Limited's execution. Also enclosed for Xapo (Gibraltar) Limited's review are a copy of the Complaint (DE 1), the Court-issued Civil Action Summons (DE 5), and the Court's June 2, 2020 "Order Setting Initial Case Management Conference and ADR Deadlines" (DE 4). We ask that you please inform us **by the close of business on Wednesday, July 29, 2020** whether and when we can expect Xapo (Gibraltar) Limited's compliance with this request.

Xapo (Gibraltar) Limited can rest assured that upon executing the waiver, it will retain all viable defenses and objections it otherwise has (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought. Additionally, should Xapo (Gibraltar) Limited refuse to waive formal service of process, we will request from the Court an Order requiring Xapo (Gibraltar) Limited to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. We do not believe any such good cause might exist, as our prior efforts to effectuate formal service upon Xapo (Gibraltar) Limited have been thwarted by the company's failure to maintain any actual physical office at which service can be made.

<span style="color:red">**EXHIBIT "A"**</span>

Steven P. Ragland, Esq.
July 27, 2020
- Page 2 of 2 -

      I thank you for your attention to, and your anticipated cooperation with, this matter.  Please contact me if you have any questions about this.

Very Truly Yours,

David C. Silver

Enclosures

cc:    Brandon S. Reif, Esq. (REIF LAW GROUP)
       Jason S. Miller, Esq. (SILVER MILLER)



AO 399 (Rev. 01/2009) Waiver of Service of Summons

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Civil Action No.: 5:20-cv-03643

DENNIS NOWAK, an individual;

      Plaintiff,

v.

XAPO, INC., a Delaware corporation;
XAPO (GIBRALTAR) LIMITED, a foreign corporation;
INDODAX, a foreign company; and
JOHN DOE NOS. 1-10, individuals

      Defendants.

_____/

## WAIVER OF SERVICE OF SUMMONS

| To: | Brandon S. Reif, Esq.<br>**REIF LAW GROUP, P.C.**<br>1925 Century Park East - Suite 1700<br>Los Angeles, California 90067<br>E-Mail: Docket@ReifLawGroup.com | David C. Silver, Esq.<br>**SILVER MILLER**<br>11780 W. Sample Road<br>Coral Springs, Florida 33065<br>E-mail: DSilver@SilverMillerLaw.com |
|---|---|---|

      I, __XAPO (GIBRALTAR) LIMITED__ , acknowledge receipt of your request that I waive service of summons in the above-captioned action.

      I have also received a copy of the Complaint in the action, a copy of this instrument, and have a means by which I can return the signed waiver to you without cost to me (*i.e.*, electronic mail).

      I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the party on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

      I (or the party on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

      I also understand that I, or the entity I represent, must file and serve an Answer or motion under Rule 12 within sixty (60) days after __July 27, 2020__ , the date when this request was sent (or ninety [90] days if it was sent outside the United States).  If I fail to do so, a default judgment may be entered against me or the entity I represent.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare under penalty of perjury that I received a copy of the summons and of the Complaint in this case on the __27th__ day of July 2020 via electronic mail.

**XAPO (GIBRALTAR) LIMITED**

BY: _____
*(Signature)*

_____
*(Print Name)*

_____
*(Title/Office)*

_____
*(Current Address)*

_____
*(Current Address)*

_____
*(Current Address)*

Date of Signature: __July____, 2020_____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT B

UNITED STATES DISTRICT COURT
for the
Northern District of California

DENNIS NOWAK, an individual )
)
)
_____ )
Plaintiff )  Declaration of Syed Jaafar
)
v. )  Civil Action No. 5:20-cv-03643-SVK
)
XAPO, INC., a Delaware corporation; )
XAPO (GIBRALTAR) LIMITED, a foreign )
Corporation; INDODAX, a foreign company; )
And JOHN DOE NOS. 1-10, individuals )
)
_____ )
Defendant(s) )

I, SYED JAAFAR, state and declare:

1.  I am over eighteen years of age and reside in Jakarta, Indonesia.  I have personal knowledge of the contents of this Declaration and, if called to testify as a witness, could and would testify competently thereto.

2.  I am an investigator and process server contracted by Process Service Network, LLC, which is a worldwide service of process firm which has been in business since 1978. I have been engaged in connection with service of process on defendants located in Indonesia on numerous occasions in the past 16 years.  I am fully familiar with the laws, rules and procedures associated with service of process in Indonesia.

3.  Process Service Network, LLC has been retained by Plaintiffs, through their attorneys, to serve legal documents which originate in the United States in this action.

4.  On July 1, 2020, I received the service request which included a Summons in a Civil Action, and Complaint. My instructions were to serve Indodax, a foreign company ("INDODAX") at their business address of Jalan Sunset Road No. 48 a-b, Seminyak Badung, Bali, Indonesia.

# EXHIBIT "B"

1

5. I made the following attempts at service, all of which were unsuccessful: August 1, 2020 @ 4:55 p.m., August 2, 2020 @ 9:35 a.m. and August 2, 2020 @ 1:45 p.m. On each of the attempts at personal service, I was unable to identify the location for service, based on the address provided to me. At the building listed at Jalan Sunset Road No. 48, there are the following businesses: Bank BRI, BNI Bank, Xavier Marks, Farah's Carpets, and other small retail stores with no signage. On levels 2 and 3 are residences; there is no name directory in the small lobby. I inquired at each of the named businesses listed herein and no one recognized the name of INDODAX.

6. I returned to my office and performed an Internet search for INDODAX and found a company named PT Indodax Nasional Indonesia. Their website has a photo of the INDODAX building with a person identified as Riko Afendi standing in front of the building. However, the photo has been altered to give the impression that there is a business named INDODAX at that location. However, the image has been superimposed over the front of the building where apartments exist. See Exhibits "A" and "B."

7. I have exhausted all reasonable efforts to personally serve INDODAX.

8. All statements made in this Declaration are based upon my personal knowledge and experience. Any part which may deemed to be hearsay should not affect the remainder of this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August _7_, 2020, in Jakarta, Indonesia.

_____
Sayed Jaafar

2



**Exhibit "A"**



**Exhibit "B"**

# EXHIBIT C

 xapo.

# How can we help you?

Type your question here

Otherwise, feel free to explore our help center topics below

 Home  /  Learning  /  About Xapo  /  General

**LEARNING**
- News & updates
- > New users
- About Xapo
  - General
  - Privacy & security
  - About Bitcoin
- > MANAGING YOUR XAPO ACCOUNT
- > MAKING TRANSACTIONS
- > FEATURES
- VIDEOS

**How do I file a complaint?**

 This article is designed for users residing outside of the U.S. only. If you are a U.S. resident, please use this article:

> How do I file a complaint? (U.S. only)

If you ever have any questions, issues, or complaints, you can always contact us using the Contact Us button below this article. We strive to respond to all customer inquiries within 24 hours, and our team will do our best to help you.

If you prefer to leave a voice message, you can do so by calling: +350-2000-8161.

Alternatively, if you would like to write to us, please send all letters to the following mailing address:

> Xapo (Gibraltar) Limited
> Unit 1.02, First Floor
> World Trade Center
> 6 Bayside Road
> Gibraltar
> GX11 1AA

Our Complaints Handling Policy and Procedure is available upon request.

**Not satisfied with our response?**

We'll always try our best to resolve any complaint you may have. If you are still unsatisfied with our response, you can ask us to escalate this internally for you up to management level.

You may also be entitled to take your complaint to the Gibraltar Financial Services Commission (GFSC).

If the GFSC is not right for you or they cannot help, you can also make a complaint using the European Commission's Online Dispute Resolution portal.

 EXHIBIT "C"

Was this article helpful? We appreciate all feedback and suggestions!


YES


NO

Can't find what you are looking for?   Contact us

## Company

About Us

Careers

Blog

## Features

App

Security

## Download the App

Play Store

App Store

Join our community:     

2020 © Xapo. All Rights Reserved.          Cookies policy          Terms of use          Privacy policy

