**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DENNIS NOWAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XAPO, INC., et al.,<br><br>　　　　　Defendants. | Case No.  20-cv-03643-BLF<br><br>**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>[Re:  ECF 25] |

　　　　Plaintiff Dennis Nowak ("Nowak"), a German resident, brings suit against Defendants XAPO, Inc. ("XAPO," a Delaware corporation), XAPO (GIBRALTAR) LIMITED, INDODAX (collectively "Defendants"), and JOHN DOE Nos. 1-10 alleging they illegally stole or helped steal Nowak's cryptocurrency assets.  *See* Compl., ECF 1.

　　　　Before the Court is Plaintiff Nowak's Motion for Alternative Service.  *See* Mot. for Alt. Service ("Mot."), ECF 25.  Nowak requests a court order to serve XAPO (GIBRALTAR) by international mail, and XAPO (GIBRALTAR) and INDODAX by email and social media channels.  *Id.* 5. Defendants did not file an opposition to Nowak's Motion for Alternative Service.

**I.　BACKGROUND**

　　　　By his Complaint, Plaintiff Nowak alleges that he stored 500 Bitcoin ("BTC") in a Northern California-based cryptocurrency exchange and later discovered that these digital assets were stolen and deposited into cryptocurrency exchanges owned by Defendants.  Nowak filed his complaint on June 1, 2020, alleging *inter alia* that XAPO, XAPO (GIBRALTAR), and INDODAX are liable for aiding and abetting Defendants DOES NOS. 1-10's misappropriation of Nowak's assets and for creating and maintaining systems that store stolen property.  Compl. ¶ 42.

In early June 2020 upon attempting to effectuate service, Nowak discovered that XAPO (GIBRALTAR) did not operate its business or have any authorized agents to accept a waiver of service summons at its registered address. Decl. of David Silver ¶ 3, ECF 25-1. Subsequently on June 10, 2020, Nowak asked XAPO's counsel to accept service of process on behalf of XAPO (GIBRALTAR) and to confirm that service of process at XAPO (GIBRALTAR)'s registered address is ineffective for receiving formal service of process. *Id.* ¶ 4. XAPO's counsel responded that he was not authorized to accept service of process on behalf of XAPO (GIBRALTAR) and did not confirm or deny whether the Gibraltar address was ineffective for receiving service of process. *Id.* Nowak later retained Process Service Network, LLC to effectuate service upon XAPO (GIBRALTAR) pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and this service delivered a summons and complaint to the Registrar of the Supreme Court in Gibraltar (277 Main Street, Gibraltar). *Id.* at ¶ 5; *see also* Hague Conference on Private International Law, *United Kingdom – Other Authorities (Art. 18)*, https://www.hcch.net/en/states/authorities/details3/?aid=681 (last updated Jan. 20, 2020) (designating the Registrar of the Supreme Court as the Central Authority in Gibraltar to receive requests for service in accordance with Article 2 of the Hague Convention). These "efforts are still ongoing and are expected to last several more weeks if not months." Decl. of David Silver ¶ 5.

In August 2020, Nowak made three attempts to serve process upon INDODAX at its registered business address (Jalan Sunset Road No. 48 a-b, Seminyak Badung, Bali, Indonesia) via Process Service Network, LLC. Decl. of Syed Jafaar ¶ 5, ECF 25-1, Ex. B. The process server "exhausted all reasonable efforts to personally serve INDODAX," which included asking other businesses at the address whether they "recognized the name INDODAX," looking for a business directory, and conducting an online search. *Id.* ¶¶ 5-7. The process server's online search led to a webpage for "PT Indodax Nasional Indonesia," which contained a "photo that ha[d] been altered to give an impression that a business named INDODAX [was] at that location." *Id.* ¶ 6.

As a result, Nowak filed this Motion for Alternative Service on August 11, 2020, after several attempts to serve process on XAPO (GIBRALTAR) and INDODAX at their respective

2

published business addresses. *See* Mot.   Nowak requests this Court to issue an order pursuant to Fed. R. Civ. P. Rule 4(f)(3) to serve XAPO (GIBRALTAR) by international mail, and XAPO (GIBRALTAR) and INDODAX by email and social media channels. *Id.* 5.   Defendants did not file an opposition to Nowak's Motion for Alternative Service.

## II.   LEGAL STANDARD

Nowak's Motion is governed by Federal Rule of Civil Procedure 4(f):

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > > (B) as the foreign authority directs in response to a letter rogatory of letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Pursuant to Rule 4(f)(3), alternate service must be (1) directed by the court; and (2) not prohibited by international agreement. *Id.; see Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d

3

1007, 1014 (9th Cir. 2002).  District courts have authorized service by "other means," which include "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.*, 284 F.3d at 1016. More recently, "courts in this district have authorized service of process by social media." *Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, WL 3402800, at *3. (N.D. Cal. June 19, 2020); *see also St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240 (LB), 2016 WL 5725002, at *2 (N.D. Cal. Sep. 30, 2016) (Twitter); *UBS Fin. Servs. v. Berger*, No. 13-cv-03770 (LB), 2014 WL 12643321, at *2 (N.D. Cal. Apr. 24, 2014) (LinkedIn).

Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Properties, Inc.*, 284 F.3d at 1015.  A party does not need to show that all feasible service alternatives have been exhausted before seeking authorization to serve process under Rule 4(f)(3). *Id.* at 1016.  The party only needs to "demonstrate that the facts and circumstances of the . . . case necessitate[] the district court's intervention."  *Id.*  The Court has "sound discretion" to "determine when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Id.*  In addition, the rule "should be liberally construed so long as a party receives sufficient notice of the complaint."  *Caputo v. City of San Diego Police Dep't*, No. 16-cv-00943-AJB-BLM, 2018 WL 4092010, at *4 (S.D. Cal. Aug. 28, 2018) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).  "The method of service crafted by the district court must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc.*, 284 F.3d at 1016-17 (internal quotations and citation omitted).

### III. DISCUSSION

Plaintiff Nowak asks this Court to issue an order authorizing alternate service of process on Defendants INDODAX and XAPO (GIBRALTAR) pursuant to Rule 4(f)(3). For the foregoing reasons, alternate service is DENIED WITHOUT PREJUDICE as to XAPO (GIBRALTAR) and GRANTED as to INDODAX.

4

### 1.   XAPO (GIBRALTAR)

Nowak requests authorization to serve process on XAPO (GIBRALTAR) by (1) United States Postal Service First Class International Registered Mail to the business' publicly listed address, (2) email to support@xapo.com, and (3) social media to XAPO (GIBLRALTAR)'s Facebook and Twitter accounts. Mot. 5.

This request is premature at this time.

First, the Court is unconvinced that XAPO (GIBRALATAR) has "a primary published business address at which service of process cannot be effectuated" to warrant alternative service of process under Rule 4(f)(3). Decl. of David Silver ¶¶ 3-4. Nowak's legal counsel stated that XAPO (GIBRALATAR)'s primary business address is a "virtual office [that] gives remote business owners and employees a fixed workplace" and can be used for "business listings and communications," but offers little evidence that XAPO (GIBRALTAR) does not actually operate its business or have any authorized agent to accept service of process at this location. *Id.* ¶ 3 (internal quotations omitted). Nowak attempted to substantiate this claim by approaching XAPO's counsel and requesting that XAPO serve a waiver of service of summons on XAPO (GIBRALTAR) and confirm that XAPO (GIBRALTAR)'s primary published business address would be ineffective for effectuating service of process. *Id.* ¶ 4. XAPO did not accept service on behalf of XAPO (GIBRALTAR) or confirm that XAPO (GIBRALATAR)'s address would be ineffective for service of process. *Id.*

Second, "[a]lthough the Hague Convention does not explicitly specify a timeframe for a foreign country's Central Authority to effectuate service, there is a presumption that a Central Authority has six months before a party can use alternate methods of service." *Tevra Brands LLC. v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020); *see also* Fed. R. Civ. P. 4, 1993 Advisory Committee Notes, subd. (f). Only three months have elapsed since Nowak's process server delivered a summons and complaint to the Central Authority in Gibraltar pursuant to the Hague Convention. *See* Mot. 3. This Court has denied Motions for Alternative Service under similar circumstances. *See Tevra*, 2020 WL 3432700, at

\*4-5 (denying Plaintiff's Motion for Alternative Service because the Central Authority in Germany only had possession of the service papers for three months). Like in *Tevra*, the Central Authority here received the service papers only three months ago, and it's possible the Central Authority "has not even had adequate time to process" them. *Id.* at \*5. Nowak even notes that these "efforts are still ongoing and are expected to last several weeks if not months." Mot. 3. Furthermore, Nowak's motion was filed within two months of delivering the service of process documents to XAPO (GIBRALTAR), and using Rule 4(f)(3) because "it will be much faster . . . by itself is not sufficient justification for the Court to authorize service by alternative method." *Tevra*, 2020 WL 3432700 at \*5 (internal quotation and citation omitted).

### 2. INDODAX

Nowak requests authorization to serve process on INDODAX by (1) email to support@indodax.com and (2) social media to INDODAX's Facebook and Twitter accounts. Mot. 5.

In light of Nowak's unsuccessful attempts to serve INDODAX, this Court authorizes Nowak's request pursuant to Rule 4(f)(3) because it is not prohibited by international agreement and provides INDODAX reasonable notice.

First, international agreements between the United States and Indonesia do not prohibit service of process by email or social media. Indonesia is not party to any applicable treaty or agreement. *See Graval v. P.T. Bakrie & Brothers*, 986 F.Supp. 1326, 1329 n. 2 (C.D. Cal. 1996); United States Department of State, *Bilateral Treaties in Force as of January 1, 2020*, https://www.state.gov/wp-content/uploads/2020/08/TIF-2020-Full-website-view.pdf.

Second, service of process by email, Twitter, and Facebook are appropriate alternatives that provide reasonable notice to INDODAX. These methods are appropriate given Nowak's failed attempts to serve process on INDODAX at its purported business address in Bali, Indonesia. Mot. 3. For instance, the process server had "exhausted all reasonable efforts to personally serve INDODAX," which included asking other businesses at the address whether they "recognized the name INDODAX," looking for the business within the building directory, conducting an online

6

search, and noting the business's online images appeared altered as to give a false impression that INDODAX was at the listed address. Decl. of Syed Jafaar ¶¶ 5-7; Ex. A, Photograph, ECF 25-1; Ex. B, Photograph, ECF 25-1. Moreover, "service by email and social media—coupled with service by mail—are appropriate" where not prohibited by international agreement. *Fabian*, 2020 WL 3402800 at *3. Since personal service of process at INDODAX's publicly listed address was unsuccessful, it appears that service by mail would be similarly unfruitful. Thus, alternate service by email, Twitter, and Facebook to INDODAX's publicly listed accounts is reasonably calculated to provide INDODAX notice and afford them an opportunity to present their objections.

## IV. ORDER

For the reasons discussed above, Nowak's Motion for Alternative Service is:

1) GRANTED as to alternative service on INDODAX. Nowak may use email, Twitter, and Facebook to serve process on INDODAX; and

2) DENIED WITHOUT PREJUDICE as to alternative service on XAPO (GIBRALATAR). Nowak may renew its request upon a showing of unsuccessful service of process by the Gibraltar Registrar of the Supreme Court, or actual delay, necessitating the Court's intervention to avoid burdensome or futile attempts of service.

**IT IS SO ORDERED.**

Dated: October 2, 2020

_____
BETH LABSON FREEMAN
United States District Judge