1  KEKER, VAN NEST & PETERS LLP
   STEVEN P. RAGLAND - # 221076
2  sragland@keker.com
   633 Battery Street
3  San Francisco, CA 94111-1809
   Telephone:     415 391 5400
4  Facsimile:     415 397 7188

5  Specially Appearing as Counsel for
   XAPO (GIBRALTAR) LIMITED
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11 DENNIS NOWAK, an individual,              Case No. 5:20-cv-03643-BLF

12         Plaintiff,                        **DEFENDANT XAPO (GIBRALTAR) LIMITED'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**

13         v.

14 XAPO, INC., a Delaware corporation; XAPO
   (GIBRALTAR) LIMITED, a foreign            Dept.:   Courtroom 3 – 5th Floor
15 corporation; INDODAX, a foreign company;   Judge:   Hon. Beth Labson Freeman
   and JOHN DOE NOS. 1-10, individuals,
16                                           Date Filed: June 1, 2020
           Defendants.
17                                           Trial Date: None set

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT XAPO (GIBRALTAR) LIMITED'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT
Case No. 5:20-cv-03643-BLF

1392570

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Xapo (Gibraltar) Limited ("Xapo Gibraltar") respectfully requests the Court to enlarge the time for Xapo Gibraltar to respond to Plaintiff Dennis Nowak's Complaint.[1]

On June 1, 2020, Plaintiff filed its Complaint against Defendants Xapo, Inc. (a U.S. company), Xapo Gibraltar (a Gibraltarian company), and Indodax (an Indonesian company). *See* Dkt. No. 1 ("Compl."). Plaintiff served Xapo, Inc. on June 8, 2020. *See* Dkt. No. 17. After the Court approved Plaintiff and Xapo, Inc.'s stipulated 30-day extension of the deadline for Xapo, Inc. to respond to the Complaint, Dkt. No. 19,[2] on July 29, 2020, Xapo, Inc. filed a motion to dismiss the Complaint, Dkt. No. 22. That Motion is fully briefed, *see* Dkt. Nos. 26, 28, and set for hearing on November 12, 2020, at 9:00 a.m.

Xapo Gibraltar did not receive service of the summons and Complaint until September 25, 2020, when a Bailiff of the Supreme Court of Gibraltar served the documents under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. Declaration of Steven P. Ragland ("Ragland Decl.") ¶ 2 & Ex. A. Xapo Gibraltar plans to file a response that raises its defenses, which may include many of the same defenses raised in Xapo, Inc.'s motion to dismiss, in addition to lack of personal jurisdiction. Under Rule 12 of the Federal Rules of Civil Procedure, the deadline for that response would be October 16, 2020.

Given the November 12, 2020 hearing on Xapo, Inc.'s motion to dismiss, Xapo Gibraltar requests an extension of the deadline to respond to Plaintiff's Complaint to two weeks after the

---

[1] Xapo Gibraltar is specially appearing in this case and plans to raise all potential defenses, including lack of personal jurisdiction, in its response to the Complaint. By filing this Administrative Motion, Xapo Gibraltar does not concede or waive any defense, including affirmative defenses.

[2] This stipulated extension of the time to respond to the complaint from June 29, 2020 to July 29, 2020, approved by this Court's order, is the only previous time modification in this case. Declaration of Steven P. Ragland ¶ 6.

1

DEFENDANT XAPO (GIBRALTAR) LIMITED'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT
Case No. 5:20-cv-03643-BLF

1392570

later of the Court's ruling on Xapo, Inc.'s motion to dismiss or the filing of an amended complaint, *or*—if the Court prefers to set a date-certain—to December 15, 2020 (a 60-day extension).

Xapo Gibraltar sought, but was unsuccessful in securing, a stipulation for an adequate extension of time.  On September 29, 2020, the undersigned counsel asked Plaintiff's counsel for a 60-day extension to ensure adequate time for the Court's ruling on Xapo, Inc.'s motion, reasoning that "the currently-pending motion by Xapo, Inc. set for hearing on November 12 may . . . affect the pleadings, result in an amended complaint or narrow the issues in dispute." Ragland Decl. ¶ 3 & Ex. B.  Xapo Gibraltar also invited Nowak to suggest another reasonable approach, writing "please let me know … if you have another proposal (e.g., response due 14 days after ruling on pending motion to dismiss, or filing of any amended complaint)." *Id.*

On October 1, 2020, Plaintiff's counsel responded and refused Xapo Gibraltar's proposal, agreeing to only a one-week extension—making the response due on October 23—without explanation. *Id.*  On the same day, the undersigned responded that one week was appreciated but insufficient because Xapo Gibraltar's motion "will at a minimum be narrowed—and possibly even mooted—by the Court's order following the November 12 hearing on Xapo, Inc.'s motion." *Id.*  The undersigned indicated that Xapo Gibraltar "will ask the Court for additional time beyond [the agreed one-week extension] to avoid wasting time, resources, and money on a needless briefing cycle at this time." *Id.*  As of this filing, Plaintiff's counsel has not responded further. *Id.* ¶ 4.

Without an extension, Xapo Gibraltar will be prejudiced because it will need to expend time, resources, and money on briefing that this Court's ruling on Xapo, Inc.'s motion to dismiss will certainly narrow and possibly moot.  Ragland Decl. ¶ 7 & Ex. B.  This Court will likely resolve Xapo, Inc.'s motion, set for hearing on November 12, before it considers any motion Xapo Gibraltar might bring in mid-October.  If the Court's order on the pending motion dismisses any portion of the Complaint (or otherwise requires Plaintiff to amend his pleadings), Xapo Gibraltar's motion would be mooted in its entirety when Plaintiff files an amended complaint. The current deadline would thus require Xapo Gibraltar to waste resources on a briefing cycle

1  that may be entirely unnecessary.

2  And regardless of the disposition on Xapo, Inc's motion, the Court's ruling on its legal
3  and factual challenges to the Complaint will narrow the issues for any motion Xapo Gibraltar
4  brings.  An extension of the deadline would thus both eliminate a potentially unnecessary briefing
5  cycle and ensure that any motion Xapo Gibraltar brings is streamlined and tailored to the Court's
6  rulings on Xapo, Inc.'s motion to dismiss, thus preserving the parties' and the Court's resources.

7  Plaintiff will suffer no prejudice due to the requested extension. No case management
8  schedule has been set and so an extension will not affect any other existing Court deadline or the
9  case schedule.  *See* Ragland Decl. ¶ 5.  Moreover, this case is in its early stages, and as far as
10 Xapo Gibraltar is aware, Plaintiff has yet to serve Defendant Indodax—which allegedly received
11 the vast majority of the Bitcoin at issue in this case (480 out of 500 Bitcoin), Compl. ¶ 25;
12 Ragland Decl. ¶ 8.  Therefore, the requested extension for a response from Xapo Gibraltar will
13 not affect the overall case schedule.  Given the lack of prejudice or any effect on the case
14 schedule, it is unclear why Plaintiff has refused to stipulate to a reasonable extension of time.

15 For the sake of preserving judicial and party resources and for the efficient adjudication of
16 this case, Xapo Gibraltar's deadline to respond to the Complaint should be extended from
17 October 23, 2020 to two weeks after the later of the Court's ruling on Xapo, Inc.'s motion to
18 dismiss or the filing of an amended complaint, *or*—if the Court prefers to set a date-certain—to
19 December 15, 2020 (a 60-day extension).

Dated:  October 2, 2020                                              KEKER, VAN NEST & PETERS LLP

                                                        By:    *s/Steven P. Ragland*
                                                               STEVEN P. RAGLAND

                                                               Specially Appearing as Counsel for
                                                               XAPO (GIBRALTAR) LIMITED