Brandon S. Reif, Esq. (State Bar No. 214706)
E-Mail: Docket@ReifLawGroup.com
**REIF LAW GROUP, P.C.**
1925 Century Park East - Suite 1700
Los Angeles, California 90067
Telephone: (310) 494-6500

*Counsel for Plaintiff Dennis Nowak*

[*Additional Counsel listed on signature block*]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| DENNIS NOWAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XAPO, INC., a Delaware corporation;<br>XAPO (GIBRALTAR) LIMITED, a foreign corporation;<br>INDODAX, a foreign company; and<br>JOHN DOE NOS. 1-10, individuals,<br><br>Defendants. | Case No. 5:20-cv-03643-BLF<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT XAPO (GIBRALTAR) LIMITED'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**<br><br>Dept.:  Courtroom 3 - 5th Floor<br>Judge:  Hon. Beth Labson Freeman<br><br>Date Filed:  June 1, 2020<br>Trial Date:  None set |

Pursuant to Local Rule 7-11(b), Plaintiff DENNIS NOWAK, an individual ("Plaintiff") hereby objects to the October 2, 2020 Administrative Motion (Dkt. No. 32, the "Administrative Motion") filed by Defendant XAPO (GIBRALTAR) LIMITED, a foreign corporation ("Defendant" or "XAPO GIBRALTAR") in which Defendant has requested leave of Court to extend by an indefinite period -- possibly as late as December 15, 2020 -- its deadline to respond to the Complaint in this action. For the reasons set forth more fully below, Plaintiff respectfully requests that the Court deny in part Defendant's Administrative Motion by limiting to one week any extension of time Defendant has within which to response to the Complaint.

First and foremost, Defendant finds itself in this position because of its own actions. As described in the Complaint, Xapo -- whether Xapo, Inc. or XAPO (GIBRALTAR) -- are essentially the same company, managed by the same people, represented by the same lawyers. Rather than accept service,

XAPO (GIBRALTAR) decided to make service of process abut gamesmanship and now must suffer the consequences of the actual deadlines that service requires in federal court.

Plaintiff's counsel repeatedly asked Defendant and its counsel to cooperate in compliance with their duty under Federal Rule of Civil Procedure 4 ("Rule 4") to spare Plaintiff from unnecessary cost and delay with regard to service of the Summons and Complaint as well as Defendant's response thereto. Notwithstanding that duty, Defendant and its counsel refused any and all such cooperation, compelled Plaintiff to engage in costly and time-consuming service under the Hague Convention, and now come to this Court to seek a reward for their dilatory and wasteful behavior.  While Plaintiff was (and remains) willing to consent to a reasonably brief extension of time for Defendant to file its response to the Complaint, Defendant's gamesmanship and waste of Plaintiff's/judicial resources -- as explained in greater detail below -- does not constitute the "good cause" required to warrant granting the full measures of relief requested in the Administrative Motion.

## ARGUMENT

### I.  STANDARD OF LAW

Local Civil Rule 7-11 provides that, upon good cause shown, a party may request a Court order "with respect to miscellaneous administrative matters not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge."  While seeking leave for additional time to respond to a Complaint is one form of relief that would seem to be included within the scope of Rule 7-11, obtaining such relief is far from automatic.  If no good cause is demonstrated by the movant, the request should be denied. *See*, *e.g.*, *Cards Against Humanity, LLC v. Loftek Technological Co., LLC*, Case No.: 13–CV–0727 YGR, 2014 WL 120976 (N.D. Cal. Jan. 13, 2014) (Court denied administrative motion upon finding no good cause to permit requested two-month extension of deadlines).

Here, Defendant's failure to demonstrate the requisite good cause renders its Administrative Motion insufficient and requires the Court to deny the relief requested by Defendant.

### II.  FACTUAL BACKGROUND

On June 1, 2020, Plaintiff filed its Complaint against Defendants Xapo, Inc.; XAPO GIBRALTAR; and Indodax.  *See*, Dkt. No. 1 ("Compl.").

On June 8, 2020, Plaintiff served Xapo, Inc. with process.  *See*, Dkt. No. 17.

A few days after Xapo, Inc. had been served with process, the law firm of KEKER, VAN NEST &

PETERS LLP -- led by Steven P. Ragland, Esq. -- contacted Plaintiff's counsel and informed that they would be representing Xapo, Inc. in this case. In the course of their preliminary discussions, Plaintiff's counsel inquired on June 12, 2020 if Mr. Ragland and his firm would also be representing XAPO GIBRALTAR; and if not, whether Xapo, Inc. would be willing to serve as a conduit for service of process upon its sibling entity in Gibraltar. *See*, October 6, 2020 Declaration of David C. Silver ("Silver Decl.") at ¶ 3, filed simultaneously herewith in support of this memorandum.

Mr. Ragland refused to accept service on behalf of XAPO GIBRALTAR, which Plaintiff's counsel confirmed in a June 16, 2020 e-mail. *See*, Silver Decl. at ¶ 4. Also on June 16, 2020, Mr. Ragland and several of his law firm colleagues made their formal appearances in this case as counsel for Xapo, Inc. *See*, Dkt. Nos. 13-16.

Plaintiff quickly found its efforts to directly serve XAPO GIBRALTAR to be frustrated by the fact that XAPO GIBRALTAR's registerd address in Gibraltar was merely a Regus address. Thus, Plaintiff was forced to undertake formal service upon XAPO GIBRALTAR through the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

On July 27, 2020, to expedite matters, undersigned counsel sent to Mr. Ragland a letter requesting that Xapo, Inc. provide its sibling entity XAPO GIBRALTAR the Waiver of Service of Summons prepared by undersigned counsel for XAPO GIBRALTAR's execution. *See*, Silver Decl. at at ¶ 5 and **Exhibit "A"** thereto. Xapo, Inc. and/or its counsel refused Plaintiff's request, despite Plaintiff's counsel's clear representation that "*Xapo (Gibraltar) Limited can rest assured that upon executing the waiver, it will retain all viable defenses and objections it otherwise has (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought*."

On September 25, 2020, after much time, effort, and expense, XAPO GIBRALTAR was formally served under the Hague Convention. *See*, Silver Decl. at at ¶ 6 and **Exhibit "B"** thereto.

On October 2, 2020, Mr. Ragland and his law firm made their formal appearance in this action as counsel for XAPO GIBRALTAR. *See*, Dkt. No. 30.

### III. NO GOOD CAUSE EXISTS TO WARRANT THE EXPANSIVE EXTENSION OF TIME REQUESTED BY DEFENDANT TO RESPOND TO THE COMPLAINT

Had XAPO GIBRALTAR simply executed the Waiver of Service when it was presented on July 27, 2020, XAPO GIBRALTAR's response to the Complaint would have been due to be filed on October 26, 2020. Instead, XAPO GIBRALTAR played a cat-and-mouse game for nearly three months and now requests an additional two months to file its response to the Complaint. XAPO GIBRALTAR should not be rewarded for needlessly consuming so much time and expense to bring the parties to a point in these proceedings where they should have been four months ago.

In its Administrative Motion, XAPO GIBRALTAR suggests that its request for several more weeks, if not months, to respond to the Complaint is being made "*to avoid wasting time, resources, and money*" and "*[f]or the sake of preserving judicial and party resources and for the efficient adjudication of this case.*" *See*, Administrative Motion at 2, 3. XAPO GIBRALTAR has already wasted time as well as Plaintiff's resources and money.

Moreover, XAPO GIBRALTAR states in its Administrative Motion that it "*plans to file a response that raises its defenses, which may include many of the same defenses raised in Xapo, Inc.'s motion to dismiss, in addition to lack of personal jurisdiction.*" *See*, Administrative Motion at 1. However, these plans could have been addressed several months ago when its sibling entity (which, upon information and belief, utilizes the same personnel – at least on the executive level) was served and when undersigned counsel requested that XAPO GIBRALTAR waive formal service to save unnecessary costs and time -- a request that was flatly rejected. In fact, the Waiver of Service presented to XAPO GIBRALTAR clearly sets forth the spirit of Rule 4 and the reasons why doing exactly what XAPO GIBRALTAR has done are so heavily disfavored:

> It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

XAPO GIBRALTAR should have appeared before this Court alongside its corporate sibling several months ago when Xapo, Inc. and their jointly-retained counsel -- who denied representing XAPO GIBRALTAR back then but who now concedes that it represents both corporate XAPO entities in this case -- first made their appearance in response to the allegations raised in the Complaint. XAPO GIBRALTAR

has created the situation from which it now claims it will suffer some undescribed "prejudice" if it has to timely file its response to the Complaint in accordance with the response deadlines set foth in Rule 4. Rather than cooperate with Plaintiff when Plaintiff requested XAPO GIBRALTAR's cooperation, XAPO GIBRALTAR refused and instead insisted that Plaintiff endure the time and expense to satisfy all formal service requirements under Rule 4 and the Hague Convention. Now that Plaintiff has satisfied those stringent burdens and formally served XAPO GIBRALTAR at Plaintiff's time and expense, XAPO GIBRALTAR wants the Court to relax those requirements because the requirements now shift and impose burdens upon XAPO GIBRALTAR. XAPO GIBRALTAR entrenched itself in its current position and should not be so easily relieved of the burdens that come with that position without having demonstrated appropriate "good cause" for its request.

Plaintiff is willing to afford, and has offered, XAPO GIBRALTAR a reasonably brief extension of time to file its response to the Complaint; but the unreasonably long period of time requested in the Administrative Motion is excessive, unwarranted, and not supported by good cause. If the Court wishes to adjourn the presently-scheduled November 12, 2020 hearing on Xapo, Inc.'s Motion to Dismiss the Complaint to allow XAPO GIBRALTAR to align its defenses with its corporate sibling and have all of their defenses presented at one hearing on a later date, Plaintiff would be amenable to such a proposal. Indefinitely suspending XAPO GIBRALTAR's response deadline while its corporate sibling "tests the waters" first, however, forces this case into piecemeal adjudications and does not serve the interests of justice or a proper allocation of the parties' or judicial resources.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny in part Defendant's Administrative Motion by limiting to one week any extension of time Defendant has within which to respond to the Complaint and enter all other relief in connection therewith that the Court deems just and proper.

Respectfully submitted,

**REIF LAW GROUP, P.C.**

By: /s/ Brandon S. Reif
Brandon S. Reif (State Bar No. 214706)
1925 Century Park East - Suite 1700
Los Angeles, California 90067

David C. Silver (Admitted *Pro Hac Vice* - DE 21)
Jason S. Miller (to be admitted *pro hac vice*)
**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:  (954) 516-6000

*Counsel for Plaintiff Dennis Nowak*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this   6th   day of October 2020 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **STEVEN P. RAGLAND, ESQ., ERIN E. MEYER, ESQ., VICTOR T. CHIU, ESQ. and JASON S. GEORGE, ESQ.**, KEKER, VAN NEST & PETERS LLP, *Counsel for Defendants Xapo, Inc. and Xapo (Gibraltar) Limited*, 633 Battery Street, San Francisco, CA 94111-1809, E-mail: sragland@keker.com; emeyer@keker.com; vchiu@keker.com; and jgeorge@keker.com.

      */s/ Brandon S. Reif*
      BRANDON S. REIF

PLAINTIFF'S OPPOSITION TO DEFENDANT XAPO (GIBRALTAR) LIMITED'S
ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT