SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Specially Appearing as Counsel for Defendant*
*PT INDODAX NASIONAL INDONESIA*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DENNIS NOWAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XAPO, INC., a Delaware corporation; XAPO (GIBRALTAR) LIMITED, a foreign corporation; INDODAX, a foreign company; and JOHN DOES NOS. 1-10, individuals,<br><br>Defendants. | Case No. 5:20-cv-03643-BLF-SVK<br><br>**DEFENDANT PT INDODAX NASIONAL INDONESIA'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PT INDODAX NASIONAL INDONESIA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date: May 27, 2021<br>Time: 9:00 am<br>Judge: Honorable Beth Labson Freeman<br>Courtroom: 3 – 5th Floor<br><br>Complaint Filed: June 1, 2020<br>Trial Date: None set |

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111

1

## **TABLE OF CONTENTS**

2

Page

3    NOTICE OF MOTION AND MOTION TO DISMISS.................................................1

4    STATEMENT OF ISSUES TO BE DECIDED ........................................................2

5    MEMORANDUM OF POINTS AND AUTHORITIES..........................................2

6    I.      INTRODUCTION ...............................................................................................2

7    II.     FACTUAL BACKGROUND. ...........................................................................5

8    III.    PRIOR PROCEEDINGS ....................................................................................6

9    IV.     THE FACT ALLEGATIONS RECYCLED ......................................................7

10   V.      THE LAW ...........................................................................................................8

11           A.      Subject Matter Jurisdiction .....................................................................8

12           B.      Personal Jurisdiction.................................................................................8

13           C.      Pleading Standard ...................................................................................10

14           D.      Extraterritorial Reach of California Law...............................................11

15           E.      Aiding and Abetting a Tort Under California Law ................................11

16   VI.     ARGUMENT. ....................................................................................................12

17           A.      This Court Lacks Subject Matter Jurisdiction ......................................12

18           B.      This Court Lacks Personal Jurisdiction Over Indodax..........................13

19           C.      Nowak Has Not Set Forth His Fraud Claim With Fed. R. Civ. P. 9(b)
                     Specificity...............................................................................................16
20
             D.      This Court Lacks Extraterritorial Jurisdiction Over Nowak's Pedestrian State
21                   Claims.......................................................................................................17

22           E.      Nowak Has Not and Cannot Plead State Torts as Required........................18

23   VII.    CONCLUSION. .................................................................................................22

24

25

26

27

28

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u> <u>Page</u>

3

4

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977) ........................................................................... 10

5

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 11

7

*Calder v. Jones*,
    465 U.S. 783 (1984) ....................................................................................... 9-10

8

9

*Casey v. U.S. Bank Ass'n*,
    127 Cal. App. 4th 1138 (2005) .................................................................. 12, 19

10

11

*Churchill Vill, LLC v. Gen. Elec. Co.*,
    169 F. Supp. 2d, 1119 (N.D. Cal. 2000) ................................................... 11, 20

12

*Collegiate Athletics Ass'n v. Miller*,
    10 F.3d 633 (9th Cir. 1993) .............................................................................. 11

13

14

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ............................................................................ 9

15

16

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993) ............................................................................ 10

17

18

*Craig v. Atlantic Richfield Co.*,
    19 F.3d 472 (9th Cir. 1994) ................................................................................ 8

19

*Duke v. Superior Court*,
    18 Cal. App. 5th 490 (2017) .............................................................................. 18

20

21

*Eclectic Prop. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ............................................................................ 11

22

23

*Faysound Ltd. v. United Coconut Chemicals, Inc.*,
    878 F.2d 290 (9th Cir. 1989) .............................................................................. 8

24

25

*Gentges v. Trend Micro Inc.*,
    No. C 11-5574 SBA, 2012 WL 2792442 (N.D. Cal. Jul. 9, 2012) ................... 21

26

*GIC Real Estate, Inc. v. ACE Am. Ins. Co.*,
    No. 17-cv-03143-SK, 2017 WL 10442699 (N.D. Cal. Sep. 21, 2017) .......... 8, 12

27

28

*Higgins v. Higgins*,
    11 Cal. App. 5th 648 (2017) .............................................................................. 22

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .............................................................................................11

*In re Western States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.*,
    715 F.3d 716 (9th Cir. 2013) ..........................................................................................8-9

*Irving Nelkin & Co. v. South Beverly Hills Wilshire Jewelry & Loan*,
    129 Cal. App. 4th 692 (2005) ..........................................................................................18

*Jungil Lee v. ANC Car Rental Corp.*,
    220 Fed. App'x 493 (9th Cir. 2007) ................................................................................. 8

*Khoury v. Maly's of Cal., Inc.*,
    14 Cal. App. 4th 612 (1993) ............................................................................................20

*Lee* v. *Hanley*,
    61 Cal. 4th 1225 (2015) ..................................................................................................18

*Lomita Land and Water Co. v. Robision*,
    154 Cal. 36 (1908) ..........................................................................................................12

*Motu Novu, LLC v. Percival*,
    No. C 16-06545 SBA, 2018 WL 3069316 (N.D. Cal. May 7, 2018) ................................ 8

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs Glaser, Weil & Shapiro, LLP*,
    150 Cal. App. 4th 384 (2007) ..........................................................................................22

*People v. Duz-Mor Diagnostic Laboratory, Inc.*,
    68 Cal. App. 4th 654 (1988) ............................................................................................20

*Picot v. Weston*,
    780 F. 3d 1206 (9th Cir. 2015) ...............................................................................9-10, 15

*Republic of Kazakhstan v. Ketebaev*,
    No. 17-cv-00246-LHK, 2017 WL 6539897 (N.D. Cal. Dec. 21, 2017)....................... 14-15

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ........................................................................................................13

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) ..................................................................................................11

*Vachani v. Yakovlev*,
    No. 15-cv-04296-LB, 2016 WL 1598668 (N.D. Cal. Apr. 21, 2016) ................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................................................15

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111

**Statutes**

California Civil Procedure Code Section 410.10 .............................................................9
California Penal Code Section 496 ..................................................................... 12, 20
Federal Rule of Civil Procedure 9(b) ................................................................. 11, 16
Federal Rule of Civil Procedure 12(b)(1) .............................................................. 10
Federal Rule of Civil Procedure 12(b)(6) .............................................................. 10

**MISCELLANEOUS**

PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL, *Requirement for Complete Diversity*,
    Ch. 2C-4, ¶ 2:1528 (Rutter Group 2020) .............................................................8

Hosie Rice LLP
600 Montgomery Street, 34ᵗʰ Floor
San Francisco, CA  94111

DEF. INDODAX'S NOTICE OF MOT. & MOT. TO
DISMISS AM. COMPLAINT; MEMO. OF PTS. & AUTH.          - iv -

CASE NO. 5:20-CV-03643-BLF-SVK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 27, 2021, at 9:00 a.m., or as soon thereafter as this matter can be heard, in the courtroom of District Judge Beth Labson Freeman, located at 280 South 1st Street, San Jose, CA 95113, Defendant Pt Indodax Nasional Indonesia ("Indodax" or "Defendant") will move this Court for an order dismissing Plaintiff Dennis Nowak's Amended Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the accompanying declarations, all files and records in the action, oral argument, and such additional matters as may be judicially noticed by the Court or may come before the Court prior to or at the hearing on this matter.

## <u>RELIEF REQUESTED</u>

Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated:  January 14, 2021                    Respectfully submitted,

                                            */s/ Spencer Hosie*
                                            SPENCER HOSIE (CA Bar No. 101777)
                                            shosie@hosielaw.com
                                            DIANE S. RICE (CA Bar No. 118303)
                                            drice@hosielaw.com
                                            DARRELL R. ATKINSON (CA Bar No. 280564)
                                            datkinson@hosielaw.com
                                            HOSIE RICE LLP
                                            600 Montgomery Street, 34th Floor
                                            San Francisco, CA 94111
                                            (415) 247-6000 Tel.
                                            (415) 247-6001 Fax

                                            *Specially Appearing as Counsel for Defendant*
                                            *PT INDODAX NASIONAL INDONESIA*

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether this Court has subject matter jurisdiction over Plaintiff Dennis Nowak's ("Nowak" or "Plaintiff") state law claims against Indodax.

2.      Whether this Court has personal jurisdiction over Indodax.

3.      Whether each of the Amended Complaint's ("FAC") state law claims fail to state a claim on which relief may be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION.

Nowak's Amended Complaint fails to allege facts establishing this Court's subject matter or personal jurisdiction.  Nor does the FAC allege the facts that this Court ruled must be alleged to permit Nowak to go forward with this case.  *See generally* Order Granting [Xapo Inc's] Motion to Dismiss with Leave to Amend ("Xapo MTD Order") (ECF 49).

By point:

### *Subject Matter Jurisdiction*

On the face of this pleading, this Court lacks subject matter jurisdiction.  In the FAC, Nowak dropped his Computer Fraud and Abuse Act claim, a claim raising a federal question.  There is no federal question jurisdiction here.

Nor does this Court have diversity jurisdiction.  Indodax is a foreign citizen.  Nowak has **not** alleged that he is a U.S. citizen.  Nowak's original complaint was silent on this point.  In co-defendant Xapo, Inc.'s prior Motion to Dismiss, Xapo, Inc. maintained that Nowak was not a U.S. citizen.  *See* ECF 22 at 9; *see also* ECF 28 at 8.  Nowak's opposition (ECF 26) ignored this issue, an admission that Nowak is not a U.S. citizen.  The FAC simply alleges that Nowak is a resident of Curaçao, and does not allege that he is a U.S. citizen.  Were Nowak a U.S. citizen, he would have so alleged and briefed.

A federal court lacks diversity jurisdiction in a case between two foreign citizens.  *See* §

V.A below.  Indodax and Nowak are both foreign citizens, and this Court lacks diversity jurisdiction.  *See* § VI.A below.

### *Personal Jurisdiction Over Indodax*

Indodax runs a cryptocurrency exchange in Indonesia.  *See* Declaration of Oscar Adam Darmawan ("Darmawan Dec."), ⌐ 3.  It does not have an office in California.  It has no employees in California.  It has no servers in California.  It has no crypto-currency vaults in California.  It does no business in California.  Its executives and officers, to a person, have never even been to California, not even for a Disneyland visit.  *See id.*, ⌐ 5.

On the face of this pleading, this Court lacks personal jurisdiction over Indodax.  Neither the original nor Amended Complaint allege **any** facts supporting jurisdiction.  To the contrary, the FAC generally alleges that generic "Defendants" maintain servers and vaults here.  Indodax most certainly does not.  *See* § VI.B below.  More, while Nowak's original Complaint alleged that Nowak's personal computer in Germany was compromised, the FAC is now silent on where the hack originated.  *Compare* ECF 1, ⌐ 1 (alleging that Nowak is a German resident) *with id.*, ¶¶ 56-57 (alleging that Nowak's personal device was hacked).

This Court raised personal jurisdictional issues at the hearing on co-defendant Xapo, Inc.'s Motion to Dismiss.  Nowak was on notice to plead facts supporting personal jurisdiction.  He did not.

### *On the Merits*

On the merits, Plaintiff Nowak alleges that someone somewhere stole 500 Bitcoins from Nowak's account maintained by a Northern California exchange.  From the Complaint, this appears to be a one-account specific hack, *i.e.*, somebody obtained Nowak's credentials and accessed Nowak's account alone.  Nowak's original Complaint alleged that his personal computer, presumably in Germany, where Nowak then resided, was hacked.  His Amended Complaint is

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

silent on which computer the hackers compromised.  Nowak then alleges that the allegedly stolen Bitcoins traversed several internet nodes, with some ultimately landing in a digital currency account ("wallet") on the Indodax exchange.

Indodax has approximately 2.7 million accountholders, with 99% being in or near Indonesia.  *See* Darmawan Dec., ¶ 3.  It transacts, on average, 1,778,849,107 cryptocurrency units of all flavors a **day** (Bitcoin; RPX, etc.).  *See id*, ¶ 4.  To its knowledge, it has never done business with the Plaintiff.

In co-defendant Xapo, Inc.'s prior Motion to Dismiss, this Court ruled that Nowak must allege facts showing that the defendants indeed **knew** that the Bitcoins transferred were stolen.  *See* Xapo MTD Order at 4.  Generalized allegations that Indodax knew or should have known are not sufficient.  *See Id.*

Despite this Order, Nowak's FAC simply realleges that Indodax knew or should have known the Bitcoins were stolen.  The allegations remain general, unspecific, and devoid of detail.  One must have at least **some** facts supporting a claim for knowing fraud.  Nowak alleges none.

Fundamentally, Nowak alleges that Indodax's security protocols were lax.  But Nowak does not allege how they were lax or why.  Exchanges are not and cannot be the guarantor of all crypto transactions; the very medium of the currency prevents this.  Nowak also alleges that Indodax did not meet industry standard security protocols.  But he does not allege **what** these standards are, why they are accepted as governing, or how Indodax failed to meet these chimerical standards.

More, Nowak has not alleged any nexus between this state and his California state law claims rendering extraterritorial application of California law proper.  How can Nowak properly assert California state law claims against a defendant in Indonesia with no connection to this state? In its prior Order, this Court directed Nowak to allege facts warranting this Court's exercise of extraterritorial jurisdiction.  *See* Xapo MTD Order at 9.  He has not done so.

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

## II.      **FACTUAL BACKGROUND.**

In his original Complaint, Nowak alleged that he was a resident of Germany.  *See* ECF 1, ¶ 1.  He now alleges he is a resident of "Willemstad, Curaçao."  FAC (ECF 51), ¶ 1.  He allegedly had an account at an unidentified "Northern California-based cryptocurrency exchange" that is not a party to this action, that is "Kraken."  *See* FAC, ¶¶ 38-39.  He alleges that ten John Doe defendants "infiltrated" his account, withdrawing 500 Bitcoins.  *Id.*, ¶ 44.

Indodax is a foreign corporation with all of its assets, employees, and operations in Indonesia.  Indodax's only office, where all of its employees are located, is in Indonesia.

Plaintiff's counsel allegedly hired "international investigative firm Kroll to trace" the stolen Bitcoins.  FAC, ¶ 45.  The firm purportedly discovered that the John Doe defendants placed them in different "hot wallet" addresses.  *See id.*, ¶¶ 48-49.  A "hot wallet" refers to a cryptocurrency account connected to the Internet.  *See id.*, ¶ 48 n. 5.

Plaintiff alleges that the anonymous defendants transferred approximately 480 of those stolen Bitcoins from Nowak's Kraken account to two Indodax accounts (out of millions of such accounts).  *Id.*, ¶ 47.  The FAC alleges that the allegedly stolen Bitcoins traversed multiple steps before arriving at the Indodax accounts.  *See id.*, ¶ 51 ("transferred … in less than half-a-dozen steps").  He alleges that Indodax either knew or "should have known" that these Bitcoins were stolen.  *See id.*, ¶ 63.  The remaining approximately 20 Bitcoins were allegedly held in two wallets controlled by "XAPO."  *See id.*, ¶ 49.  As defined in the Complaint, "XAPO" refers to two defendants: Xapo, Inc. and Xapo (Gibraltar) Limited.  *See id.*, ¶ 4.

Plaintiff does not allege that Indodax assisted the John Doe defendants in "infiltrat[ing]" his account.  Nor does Plaintiff allege that Indodax committed any affirmative misconduct, whether in California or elsewhere.  Rather, the gist of Plaintiff's allegations is that Indodax had "[f]aulty [s]ecurity" protocols and thus "kn[e]w or should have known" that the deposited Bitcoins were

1   stolen.  *See id*, § III.

2   **III.**   **PRIOR PROCEEDINGS.**

3           Nowak filed his original Complaint in June 2019.  *See* ECF 1.  Nowak served Xapo, Inc.

4   promptly and did not serve Indodax until October 8, 2020.  *See* ECF 35.  Co-defendant Xapo, Inc.

5   filed a Motion to Dismiss on July 29, 2020.  *See* ECF 22.  Indodax so played no role in the prior

6   motion practice.

7

8           Xapo, Inc.'s prior Motion to Dismiss is directly relevant here.  Xapo first argued that

9   Nowak's federal Computer Fraud and Abuse Act claim (and related claim) lacked merit.  The

10  Court agreed, and Nowak did not reallege this federal claim (or the related claim) in the FAC.  The

11  FAC alleges no federal claims.

12          On Nowak's California Penal Code Section 496 claim (stolen property), as realleged here,

13  the Court ruled that Nowak must allege specific facts showing intent or "willful blindness," as

14  against mere negligence.  *See* Xapo MTD Order at 4 ("Plaintiff fails to plead sufficient facts

15  demonstrating Defendant's knowledge that it came into possession of stolen funds").  The Court

16  told Nowak to plead specific facts showing intent or—at minimum—calculated ignorance.  He has

17  not done so.

18

19          This would be equally true for all specific intent state torts, *e.g.*, fraud.  Perforce, if one sues

20  on a specific intent tort, one must allege facts showing malign intent.

21

22          On the prior state claims generally, the Court found that the original Complaint did not

23  "show a sufficient nexus between California and Defendant's alleged wrongful conduct."  *Id.* at 9.

24  The Court so held that, "[i]n an amended pleading, Plaintiff should clarify the Court's

25  extraterritorial reach over the state law claims."  *Id.*  In short, how and why should or can this

26  Court resolve disputes involving events abroad between foreign citizens?

27          Finally, the Court raised personal jurisdiction issues regarding Indodax.  *See* Declaration of

28

Spencer Hosie ("Hosie Dec."), Ex. A (Hr'g Tr., Nov. 12, 2020), 8:5-7 ("I expect there will be some personal jurisdiction issues for those companies…").

## IV.     THE FACT ALLEGATIONS RECYCLED.

In the FAC, Nowak realleges generally that the Defendants' "KYC" ("Know Your Customer") "protocols" were lax and did not measure up to industry standards.  *See* FAC, ¶ 60.  The FAC alleges no facts supporting this general allegation.  Nor does it allege what these standards are or require, much less how Indodax failed to meet these standards.

As to Indodax, the FAC alleges that many other Bitcoin transactions originated at the Northern California Exchange, with the cryptocurrency ultimately landing in an Indodax account.  As the FAC acknowledges, the Kraken to Indodax transfers involving alleged Nowak Bitcoin were few of many, with Nowak not alleging the thousands of other similar transactions were illicit:

> Krolls' initial analysis shows that more than 2,900 BTC have been transferred from over 24,000 Kraken address to over 500 Indodax addresses since January 2017 -- thus demonstrating that the Kraken-to-Indodax movement of the BTC stolen from the Plaintiff is far from an isolated incident.

*Id.*, ¶ 61.  The FAC thus alleges a significant volume of crypto-transactions.  But, the FAC does **not** allege that **any** of these numerous other transactions were illicit.  That is, Nowak contends that transactions he alleged as wrongful somehow put Indodax on notice of a wrong.

Finally, the FAC realleges on information and belief that Indodax was put on notice of the alleged theft "no later than June 2020…."  *Id.*, ¶ 73.  This is the date that Nowak filed his original Complaint.  *See* ECF 1.  (This Court ruled prior that the filing of a complaint alone does not create notice of a theft.  *See* Xapo MTD Order at 4.)  Nowak alleges on information and belief that "law enforcement" informed Indodax of the theft.  *See* FAC, ¶ 73.  But he does not allege who did this, exactly when, how, or why.  Instead, Nowak's is a generalized "information and belief" allegation, which is peculiar if he is working with law enforcement, as so alleged.

With respect to the FAC's factual allegations, Nowak added several paragraphs generally

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

describing what crypto-currency is and how digital currencies are traded.  It is literally true that he

added **no** specific allegations establishing a factual basis for his claims here.

## V.   THE LAW.

### A.   Subject Matter Jurisdiction.

"The United States Supreme Court has long held that 'the courts of the United States have

no [diversity] jurisdiction of cases between aliens.'"  *GIC Real Estate, Inc. v. ACE Am. Ins. Co.*,

No. 17-cv-03143-SK, 2017 WL 10442699, at *4 (N.D. Cal. Sep. 21, 2017) (citation omitted).

Since "[t]he diversity statute requires 'complete diversity,'" "the presence of a state citizen

on one side of the litigation will not salvage jurisdiction" "in an action between foreign

citizens."  *See Motu Novu, LLC v. Percival*, No. C 16-06545 SBA, 2018 WL 3069316, at *3 (N.D.

Cal. May 7, 2018) (citations omitted); *see also Jungil Lee v. ANC Car Rental Corp.*, 220 Fed.

App'x 493 (9th Cir. 2007) ("We have interpreted § 1332(a)(2) to require complete diversity of

parties.  That is, aliens may not be on both sides of the litigation"), citing *Faysound Ltd. v. United

Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) & *Craig v. Atlantic Richfield Co.*, 19

F.3d 472, 476 (9th Cir. 1994).

In short, "[t]he presence of [a] citizen defendant[] does not preserve [diversity] jurisdiction

in an action brought by [an] alien plaintiff[]."  *See GIC Real*, 2017 WL 10442699, at *4; *see also*

PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL, *Requirement for Complete Diversity*, Ch. 2C-4, ¶

2:1528 (Rutter Group 2020) (Explaining that diversity jurisdiction is not supported "when an alien

*alone* sues both a citizen defendant and an alien defendant") (citations omitted; emphasis in

original).

### B.   Personal Jurisdiction.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the

burden of demonstrating that the court has jurisdiction."  *In re Western States Wholesale*

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

*Natural Gas Antitrust Litig. v. Oneok, Inc.,* 715 F.3d 716, 741 (9th Cir. 2013).  The plaintiff cannot

establish jurisdiction by alleging bare jurisdictionally-triggering facts without providing some

evidence of their existence.  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir.

1977).

California's long-arm statute, California Civil Procedure Code Section 410.10, authorizes a

court to exercise personal jurisdiction to the extent permitted by federal due process.  *See Picot v.

Weston*, 780 F. 3d 1206, 1211 (9th Cir. 2015).  For a court to exercise personal jurisdiction over a

nonresident defendant consistent with due process, that defendant must have "certain minimum

contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'"  *Calder v. Jones*, 465 U.S. 783, 788 (1984); *CollegeSource, Inc. v.

AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011).

Personal jurisdiction may be general or specific.  For general personal jurisdiction to exist

over a non-resident corporate defendant, "the defendant must engage in 'continuous and systematic

general business contacts' that 'approximate physical presence' in the forum state."

*CollegeSource*, 653 F.3d at 1074 (citations omitted).  "'The standard is met only by 'continuous

corporate operations within a state [that are] thought so substantial and of such a nature as to justify

suit against [the defendant] on causes of action arising from dealings entirely distinct from those

activities.'"  *Id*. (citation omitted).  The standard is an exacting one.  *See id*.

As to specific personal jurisdiction, The Ninth Circuit employees a three-part test to

determine whether a defendant is subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or
> consummate some transaction with the forum or resident thereof; or perform some
> act by which he purposefully avails himself of the privilege of conducting activities
> in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-
> related activities; and

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

1

2

> (3) the exercise of jurisdiction must comport with fair play and substantial justice,
> i.e., it must be reasonable.

3

*Picot*, 780 F. 3d at 1211 (citation omitted).  "The plaintiff has the burden of proving the first two

4

prongs."  *Id*. (citations omitted).  The inquiry as to the first prong is guided by the nature of the

5

claim at issue.

6

For claims sounding in tort, courts "apply a 'purposeful direction' test and look to evidence

7

that the defendant has directed his actions at the forum state, even if those actions took place

8

elsewhere."  *Id*. at 1212 (citation omitted).  "Under [the purposeful direction] test, a defendant

9

purposefully directed his activities at the forum if he: '(1) committed an intentional act, (2)

10

expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

11

suffered in the forum state.'"  *Id*. at 1214 (citation omitted).  In essence, "[p]urposeful direction

12

exists when a defendant commits an act outside the forum state that was intended to and does in

13

fact **cause** injury within the forum state."  *Vachani v. Yakovlev*, No. 15-cv-04296-LB, 2016 WL

14

1598668, at *4 (N.D. Cal. Apr. 21, 2016), citing *Calder*, 465 U.S. at 788-89 (emphasis added).

15

Mere incidental injury diffused across several states is not enough: the defendant must knowingly

16

act to cause foreseeable injury in **this** state.

17

"Great care and reserve should be exercised when extending [U.S.] notions of personal

18

19

jurisdiction into the international field."  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489

20

(9th Cir. 1993) (citations and quotation omitted).  "Litigation against an alien defendant creates a

21

higher jurisdictional barrier than litigation against a citizen from a sister state because important

22

sovereignty concerns exist."  *Id*. (citations and quotations omitted).

23

24

**C.**    **Pleading Standard.**

25

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) unless

26

it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

27

28

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This Court need not "accept as true

Hosie Rice LLP
600 Montgomery Street, 34ᵗʰ Floor
San Francisco, CA  94111

Hosie Rice LLP
600 Montgomery Street, 34ᵗʰ Floor
San Francisco, CA  94111

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  The factual

allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the

opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic*

*Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Many of Nowak's claims require pleading with Federal Rule of Civil Procedure 9(b)

specificity.  None are.

### D.     Extraterritorial Reach of California Law.

Absent a clear legislative expression otherwise, California courts should not presume that a

California statute reaches beyond this state.  *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207

(2011).  The operative presumption is, logically enough, that California law applies to individuals

and actions in California, not in distant jurisdictions.

Further, a state law that directly regulates interstate commerce would violate the commerce

clause, and so be unconstitutional.  *See Collegiate Athletics Ass'n v. Miller*, 10 F.3d 633, 638-39

(9th Cir. 1993).

More, and as the Court found in the prior Xapo Motion to Dismiss, a state law count against

a foreign defendant can stand only if this state has a significant nexus with the alleged claim.  *See*

Xapo MTD Order at 9; *see also Churchill Vill, LLC v. Gen. Elec. Co.*, 169 F. Supp. 2d, 1119, 1127

(N.D. Cal. 2000).  California courts have neither the ability nor obligation to become courts of

general jurisdiction for disputes between foreigners arising out of acts abroad.  Laws have

boundaries.  Chaos would ensue otherwise.

### E.     Aiding and Abetting a Tort Under California Law.

Under California law, a party may be liable of aiding and abetting a tort if the defendant:

"(a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or

encouragement to the other to so act or (b) gives substantial assistance to the other accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person."  *See Casey v. U.S. Bank Ass'n*, 127 Cal. App. 4th 1138 (2005).

Fundamental to the aiding and abetting claim is proof that the defendant had "actual knowledge of the specific primary wrong the defendant substantially assisted."  *Id; see also Lomita Land and Water Co. v. Robision*, 154 Cal. 36 (1908) ("intentional participation with knowledge…").  Specific intent is an essential element of any aiding and abetting claim.

## VI.    **ARGUMENT**.

### A.    **This Court Lacks Subject Matter Jurisdiction**.

The FAC pleads only state-based claims: conversion, aiding and abetting conversion, aiding and abetting fraud, violation of California Penal Code Section 496, violation of California's Unfair Competition Law, negligence, and constructive trust.  *See* FAC, ¶¶ 66-160.  There is no federal question here.  Nowak fails to elaborate on his conclusory allegation to the contrary.  *See, id.* ¶ 15.

Nowak also pleads diversity jurisdiction, alleging that this "is an action between citizens of different states."  *Id.*, ¶ 14.

It is not.  Diversity jurisdiction does **not** exist in an action brought by a foreign plaintiff against a foreign defendant.  *See* § V.A above.  Indodax is a foreign defendant, and Nowak does not plead otherwise.  *See* FAC, ¶ 11.  Nowak has carefully not alleged that he is a U.S. citizen, and simply pleads a foreign residence.  *See id.*, ¶ 1.

On the face of this pleading, this Court lacks subject matter jurisdiction.  Nowak had the obligation to plead facts establishing subject matter jurisdiction.  *See GIC Real*, 2017 WL 10442699, at *2 ("When a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim") (citation omitted).  He has not done so.

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

**B.     This Court Lacks Personal Jurisdiction Over Indodax.**

Someone purportedly stole Plaintiff's Bitcoin from a California based exchange and

transferred them—over multiple internet hops—to Xapo and Indodax crypto-wallets.

On jurisdiction, Nowak simply alleges as follows:

> This Court has personal jurisdiction over **Defendants** because: (a) **at least one Defendant** is operating, present, and/or doing business within this District, and (b) **Defendants'** breaches and unlawful activity occurred within this District.  [¶] Upon information and belief, **Defendants** each service accountholders in this jurisdiction and reap from those accountholders large sums of money and other assets, including valuable cryptocurrency.  [¶]  Moreover, **Defendants** each either conduct business in and maintain operations in this District -- including operating computer servers and storage vaults -- or have sufficient minimum contacts with this District as to render the exercise of jurisdiction by this Court permissible under traditional notions for fair play and substantial justice.

FAC, ¶¶ 16-18 (emphasis added).

Plaintiff's generic, conclusory, group pleading cannot establish personal jurisdiction.  *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe . . .* must be met as to each defendant over whom a state court exercises jurisdiction").

More, as to Indodax, this generic "Defendants" allegation is simply untrue.  Indodax has no servers in California.  It has no storage vaults here.  It has no employees here.  And 99% of its accountholders are in or near Indonesia where Indodax is based.  *See* Darmawan Dec., ¶¶ 3 & 5; FAC, ¶ 11 ("[Indodax] is a cryptocurrency exchange headquartered in Indonesia").  Nowak clearly cannot meet the exacting standard for general personal jurisdiction.

Nowak cannot carry his burden on specific personal jurisdiction either.  Nowak's claims sound in tort.  The inquiry here is thus dictated by the purposeful direction test.  *See* § V.B above. Nowak cannot meet at least the express aiming and foreseeable harm elements of this standard.

***On express aiming:***

While the FAC alleges that "the initial act of theft occurred in this jurisdiction," FAC, ¶ 46, it bases that allegation on the presence of third-party Payward, Inc. ("Kraken") in California, *see*

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

Hosie Rice LLP
600 Montgomery Street, 34ᵗʰ Floor
San Francisco, CA  94111

*id.*, ¶¶ 38, and not the presence of hacked servers here.  *See id.*, ¶¶ 39-40 (alleging that Plaintiffs had a Kraken cryptocurrency wallet that could be accessed—"was accessible"—through servers in California, but not that the servers actually hacked were in California).  More, in his original complaint, Nowak identified his personal computer, not Kraken servers, as what was hacked.  *See* ECF 1, ¶¶ 56-57.  Nowak never alleged that he was in California at the time of the hack, and he has alleged that he is a resident of Germany, *id.*, ¶ 1, and Curaçao, FAC, ¶ 1.  The hack is at the heart of the alleged tortious conduct, and Nowak does not allege that anyone, much less Indodax, aimed the hack at California.  *See Republic of Kazakhstan v. Ketebaev*, No. 17-cv-00246-LHK, 2017 WL 6539897, at *7 (N.D. Cal. Dec. 21, 2017) ("The mere fact that Google—the company that owns the servers—is headquartered in California is not enough to establish that [defendant], a Kazakh citizen who resides in Switzerland, expressly aimed his alleged conduct at California").

The FAC also does not allege that any Bitcoins were transferred from an account maintained by a California entity or person to Indodax.  Rather, the FAC alleges that "Plaintiff's BTC was transferred from his Kraken account to addresses at [Indodax] in less than half-a-dozen steps, as shown [in the diagram on page 12 of the FAC]."  FAC, ¶ 51.  As the diagram makes clear, Bitcoin was always transferred from a "US Exchange Address" to "Suspect's Address[(es)]," i.e., the Doe hackers, to an "Indodax" address.  *See id.*  Nowak does not allege who owns the "Suspect's Address," nor where the address owner is located.  Instead, the FAC alleges that Indodax received Bitcoin from some unknown person, resident at some unknown location.  To the extent the passive receipt of Bitcoin from California can be characterized as "express aiming" at California (it is not), there is no allegation that the relevant forum was California.

Even assuming that the servers were in California and Bitcoin was transferred by unidentified persons from accounts maintained by a California entity to Indodax, the FAC still fails to allege any Indodax contacts with the forum, and Nowak cannot show any.

Indodax runs an exchange in Indonesia.  *See* Darmawan Dec., ¶ 3.  It was a passive recipient of Bitcoins alleged to be stolen.  Nowak does not and cannot allege that Indodax had anything to do with the original theft, as Nowak concedes that he does not know who hacked his account, from where, or how.  Kraken's contacts with California are not Indodax forum contacts, nor are any Doe defendant California contacts Indodax's contacts.  Nowak has not alleged that Indodax does business in California; it does not.  *See* Darmawan Dec., ¶ 5.  He does not allege that Indodax has any presence in this state; it has none.  *See id*.  The simple fact is that with respect to the alleged wrongs Indodax "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to [California.]"  *See Walden v. Fiore*, 571 U.S. 277, 289 (2014); *see also Picot*, 780 F. 3d at 1215 ("[Defendant] did all this[—his alleged tortious conduct—]from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California.  In short, 'none of [defendant's] challenged conduct had anything to do with [California] itself'").

The receipt of Bitcoin that may have originated in California by an Indonesian exchange that manages its "Know Your Customer" and "Anti-Money-Laundering" polices from Indonesia, on the account of the alleged actions of unidentified third-parties, is too attenuated a contact (if a contact at all) to give fair notice to the Indonesian company that it would have to defend a case half-a-world away.  There is no personal jurisdiction here.

### *On harm:*

Nowak does not allege that he suffered harm in California, much less that Indodax should have known Nowak would be harmed in California.  Yet, "[f]orseeable harm is the third prong of the purposeful direction inquiry" and "'[h]arm suffered in the forum state is a necessary element in establishing purposeful direction.'"  *Ketebaev*, 2017 WL 6539897, at *7.

Nowak resides in Germany and/or Curaçao.  *See* ECF 1, ⁋ 1 & FAC, ⁋ 1.  Nowak cannot

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

explain how it was foreseeable that he, a foreign resident, would be harmed in California.  *See*

*Ketebaev*, 2017 WL 6539897, at *9 ("Here, Kazakhstan has not carried its burden of showing that

Khrapunov's alleged hiring of an Israeli firm to hack Kazakh officials' email accounts caused harm

to Kazakhstan in California, let alone that Khrapunov knew that any such harm would occur in

California").  Nor can Nowak rely on any incidental harm to Kraken.  *See id.* ("the Court declines

to allow Kazakhstan to rely on some alleged de minimis injury to Google—which is not a party to

this suit…If such a theory of injury were permitted, th[e]n this Court would have jurisdiction over

any case arising from any wrongful conduct on Gmail, Google, Facebook, Twitter, or YouTube, to

name just a few of the technology companies headquartered in this district").

Very directly, Nowak seeks to make this Court an international arbitrator of crypto-

currency exchanges everywhere.  That is not how jurisdiction works.

Nowak was on notice prior to filing his FAC that personal jurisdiction would be at issue.

*See* Hosie Dec., Ex. A, 7:19-21, 8:5-17.  Yet, Nowak proceeded with boilerplate personal

jurisdiction allegations.  Leave to amend should be denied.  Amended yet again would be a pure

exercise in futility.

**C.**     **Nowak Has Not Set Forth His Fraud Claim With Fed. R. Civ. P. 9(b) Specificity.**

As in the original complaint, Nowak alleges that Indodax acted fraudulently.  *See* FAC,

Count III ("Aiding and Abetting Fraud").  In its prior Order, this Court ordered Nowak to plead his

fraud claims with specificity.  *See* Xapo MTD Order at 5.  He has not done so.

Instead, Nowak generally alleges that someone somewhere hacked his account.  He does

not know who the hackers were.  On the face of his FAC, he does not know which server or

computer the hackers accessed—according to his original Complaint it was his personal device, *see*

ECF 1, ¶¶ 56-57, which was likely in Germany.  *See id.*, ¶ 1.  He cannot and does not allege that

Indodax played any role in this alleged theft, nor even knew about the theft prior to its occurrence.

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

To the contrary, Nowak alleges that Indodax "had actual knowledge of the hacker's fraud..." given (1) "the volume and frequency of transactions on the [Xapo] and [Indodax] exchanges that resulted from the hack were atypical, suspicious, and raised an inference that stolen funds were being laundered through their exchanges;" and, (2) Indodax "employed atypical policies related to the opening of accounts, deposits, and withdrawals…."  FAC, ¶ 95.

On the first point—atypical account activity—the FAC contradicts itself.  The FAC first carefully alleges that the transactions at issue here were mere several of many thousands.  FAC, ¶ 61 (2,900 BTC transferred from 24,000 Kraken address to over 500 Indodax addresses).  Having made this chip-in a torrent point, Nowak then alleges exactly the converse in his fraud count: that the account activity from this hack either did or should have alerted Indodax to the prior theft.

How alert?  Why?  What was it about these transactions that raised a red flag?  What suspicious account activity?  We do not know.  And the FAC does not tell us.

On the second point, Nowak does not set forth what "atypical" policies Indodax used, if any.  Nor why any such alleged policies were improper.  Nor any normative standard for judging such failures as tortious.

**D.**     **This Court Lacks Extraterritorial Jurisdiction Over Nowak's Pedestrian State Claims**.

The FAC alleges no facts showing that Nowak's claims against Indodax had any connection with this state, much less a significant nexus.

To start with the alleged theft: while Nowak may have stored his Bitcoin with Kraken, he does not allege that the Kraken servers were in this jurisdiction.  He does not allege that the anonymous hackers accessed Nowak's account here, as against compromising Nowak's computer in Germany.  This hack could have happened anywhere.

As to Indodax, Nowak alleges that this foreign exchange received some allegedly stolen Bitcoins, amongst a torrent of other presumably legitimate Bitcoin transfers.  Indodax's receipt in

Indonesia proves nothing about Indodax contacts with California.  If someone steals baggage from JFK, and then FedEx's it to a storage facility in Salt Lake City, can that Utah storage facility be held liable in New York given the FedEx delivery alone?  If this were enough to invoke state law here, the reach of California law would be immense.  And improperly so.

**E.**      **Nowak Has Not and Cannot Plead State Torts as Required.**

Nowak has failed to plead the basic elements of his state tort claims properly.  By claim:

## *Conversion*

Conversion requires the knowing taking of the property of another.  The elements of this tort are as follows: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.  *Lee* v. *Hanley*, 61 Cal. 4th 1225, 1240 (2015).  "To prove a cause of action for conversion, the plaintiff must show the defendant acted intentionally to wrongfully dispose of the property of another." *Duke v. Superior Court*, 18 Cal. App. 5th 490, 508 (2017).  "In cases where the property changes possession more than once, a plaintiff has a cause of action for conversion if the defendant who is sued for conversion took the property from another converter, and took it with actual or constructive notice that the prior conversion took place."  *Irving Nelkin & Co. v. South Beverly Hills Wilshire Jewelry & Loan*, 129 Cal. App. 4th 692, 699 (2005).  Nowak must allege facts showing Indodax participation, or knowledge (whether actual or constructive).

Nowak alleges no such facts.  Instead, he alleges on information and belief that Indodax knew of the theft given being allegedly so informed post-theft by "law enforcement" and given the "suspicious volume and frequency of the transactions on the Indodax exchange as a result of the hack."  FAC, ¶ 73.

As set forth above, the FAC supports no such conclusion.  *See* §§ IV & VI.C above.  The FAC adds **no** substantive factual allegations establishing scienter over Nowak's original

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

Complaint, a pleading this Court found deficient.  *See* § III above.

### *Aiding and Abetting Conversion and/or Fraud*

Nowak secondly alleges "aiding and abetting conversion" and "aiding and abetting fraud." *See* FAC, ¶¶ 78-99.

"California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific wrong the defendant substantially assisted .... 'The words 'aid and abet' as thus used have a well understood meaning, and may fairly be construed to imply an intentional participation with knowledge of the object to be attained.'"  *Casey*, 127 Cal. App. 4th at 1145-1146 (original italics, internal citations omitted).  The *Casey* court explained that "'[i]n the civil arena, an aider and abettor is called a cotortfeasor.  To be held liable as a cotortfeasor, a defendant must have knowledge and intent.... A defendant can be held liable as a cotortfeasor on the basis of acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of a tort.'  Of course, a defendant can only aid and abet another's tort if the defendant knows what 'that tort' is .... [T]he defendant must have acted to aid the primary tortfeasor 'with knowledge of the object to be attained.'"  *Id*. at 1146.

This "aiding" conversion and fraud counts add nothing.  If Nowak does not allege the underlying tort—conversion and/or fraud—properly, and he does not, nor can he properly allege the tort once removed.

More pragmatically, how could Indodax aid and abet in a theft it knew nothing about?  This is a **specific intent tort**, a wrong that requires knowledge and willing participation.  Nowak alleges no facts establishing that Indodax knew or somehow participated in this alleged theft; his allegations are all fundamentally to the contrary (Indodax allegedly ran a lax exchange and so became a destination for black hat hackers).

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

Under California law, Nowak must allege facts showing that Indodax knew of the theft and assisted or participated in the theft.  He alleges nothing of the sort.  Instead, he generally alleges that Indodax's security protocols were lax.  Even were this true, and it is not, this allegation says nothing about knowledge, participation, or specific intent.

### California Penal Code Section 496 (Receipt of Stolen Property)

Really?  How can Nowak properly sue an exchange in Indonesia for allegedly receiving allegedly stolen Bitcoin someone transferred from somewhere—through multiple internet hops—to Indonesia?  Are we to arrest alleged trademark violators in Beijing based on nothing more than the general allegations of a foreign citizen?  This claim is procedurally improper (no extraterritorial jurisdiction) and substantially wrong (no allegations as to Indodax).

Nor is this Nowak's first at-bat on this issue.  In its prior Order, this Court directed Nowak to plead facts showing specific intent and knowledge.  *See* § III above.  He did not do so.  If he could have so alleged, he would have so alleged.

### Sections 17200 et. seq: UCL

An allegation that a defendant has violated Sections 17200 *et seq*. by "unlawful" activity is only as good as the underlying claims of "unlawfulness" on which it rests.  Where the underlying claims fail, the UCL claim must also fail.  *See Khoury v. Maly's of Cal., Inc.,* 14 Cal. App. 4th 612, 619 (1993).  Any defense to the "borrowed" claim is a defense to the unlawful UCL claim.  *See People v. Duz-Mor Diagnostic Laboratory, Inc.,* 68 Cal. App. 4th 654, 673 (1988).  Each of Plaintiff's "borrowed" claims fails as a predicate to its Sections 17200 *et seq*. claim.

This failure aside, the California Unfair Competition Law does not police activity abroad: "With respect to the UCL specifically, section 17200 does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California." *Churchill Village*, 169 F. Supp. 2d at 1126.  If it did, why not sue Russian banks in California for misdeeds in

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA  94111

Moscow?  Enforcing a California trade statute for activities and injuries abroad is ill-conceived and profoundly unconstitutional.  This is not a World court.

It is Nowak's burden to prove that alleged misconduct or injuries occurred in California and thus that he has standing to bring suit under the UCL.  *See Gentges v. Trend Micro Inc*., No. C 11-5574 SBA, 2012 WL 2792442, at *6 (N.D. Cal. Jul. 9, 2012) ("Plaintiffs fail to meet their burden of showing prudential standing;" "the Court finds that there is little, if any nexus, between Plaintiffs and their claims and California; therefore, Plaintiffs lack prudential standing to assert claims under the UCL …").  Nowak does not allege injury in California, nor does he allege any California conduct on the part of Indodax.  Nowak does not have standing to pursue his UCL claim.

Finally, 17200 remedies are limited to restitution or injunctive relief.  How can this Court impose an injunction governing the day-to-day activities of an exchange in Indonesia?  This is far from a federal court policing conditions at San Quentin prison (Judge Henderson).  On restitution, Nowak nowhere alleges that Indodax received the Bitcoins for its own benefit.  Let Nowak seek restitution from the people who hacked his personal account, very likely people that he knows.  Indodax cannot return a benefit never received.

### ***Negligence***

If Indodax acted fraudulently, as Nowak alleges, how can it also be negligent?  Pleading in the alternative is perfectly fine.  Until it is not.  And it is not here.  The entire gravamen of Nowak's FAC is that Indodax knowingly acted badly.  If true, as alleged, there is no place for a negligence claim.  And a general "lax security" allegation hardly pleads facts giving rise to a negligence claim.

More, how could this Court have jurisdiction over allegedly negligent practices in Indonesia?

Hosie Rice LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111

1

2

Finally, the law is clear that Indodax does not owe a duty to Nowak, a party that Indodax does not even know.

3

### *Constructive Trust*

4

5

6

7

8

9

10

11

12

13

14

Nowak's last alleged state claim is for "constructive trust." "A constructive trust … is an equitable *remedy*, not a substantive claim for relief." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 398 (2007) (emphasis in original). "Three conditions must be shown to impose a constructive trust: (1) a specific, identifiable property interest, (2) the plaintiff's right to the property interest, and (3) the defendant's acquisition or detention of the property interest by some wrongful act." *Higgins v. Higgins*, 11 Cal. App. 5th 648, 659 (2017) (citations omitted). "Before a constructive trust can be imposed, the plaintiff must prove that the defendant's acquisition of the property was *wrongful*." *PCO, Inc.*, 150 Cal. App. 4th at 398 (citation omitted) (emphasis in original).

15

16

17

Nowak has not plead the required elements. More, this Court does not have jurisdiction to enforce a constructive trust on a foreign entity operating abroad, any more than it could freeze a British citizen's bank account in London.

18

## VII. **CONCLUSION**.

19

20

21

22

We certainly understand Nowak's desire to find some fiscally responsible party to cover his loss. But, in all fairness, Indodax is not that party. Nowak's complaint, already amended once, should be dismissed with prejudice as to Indodax.

23

Dated: January 14, 2021                    Respectfully submitted,

24

25

26

27

28

*/s/ Spencer Hosie*
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP

600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Specially Appearing as Counsel for Defendant*
*PT INDODAX NASIONAL INDONESIA*